Page 1

1    UNITED STATES BANKRUPTCY COURT

2    EASTERN DISTRICT OF NEW YORK

3    Case No. 24-43203

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

5    In the Matter of:

6

7    ETIENNE ESTATES AT WASHINGTON LLC

8

9           Debtor.

10   - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

11

12              United States Bankruptcy Court

13              271-C Cadman Plaza East

14              Brooklyn, NY 11201

15

16              May 6, 2025

17              3:43 p.m.

18

19

20

21   B E F O R E :

22   HON NANCY HERSHEY LORD

23   U.S. BANKRUPTCY JUDGE

24

25   ECRO:  Unknown

1    HEARING re Confirmation Hearing

2

3    HEARING re [5] Adj Status Conference

4

5    HEARING re Adj Hearing to Confirm Sale [56] Motion to Sell

6    Property of the Estate Free and Clear of Liens under 11

7    U.S.C 363(f) . Fee Amount $199. Filed by J Ted Donovan on

8    behalf of Etienne Estates at Washington LLC.

9

10   HEARING re Adj [79] Motion to Authorize/Direct Effectuate a

11   Cure and Reinstatement Filed by J Ted Donovan on behalf of

12   Etienne Estates at Washington LLC.

13

14

15

16

17

18

19

20

21

22

23

24

25   Transcribed by:  Rita Weltsch

1    A P P E A R A N C E S :

2

3    GOLDBERG WEPRIN FINKEL GOLDSTEIN LLC

4         Attorney for Debtor

5         125 Park Avenue, Flr 12

6         New York, NY 10017

7

8    BY:  KEVIN J. NASH

9         TED DONOVAN

10

11   WINTHROP GOLUBOW HOLLANDER LLP

12        Attorney for Johanna Francis

13        1301 Dove Street, 5th Floor

14        Newport Beach, NY 10175

15

16   BY:  JOHN D. GIAMPOLO

17

18   U.S. DEPARTMENT OF JUSTICE

19        Attorney for U.S. Trustee

20        201 Varick Street, Ste 1006

21        New York, NY 10014

22

23   BY:  JEREMY S. SUSSMAN

24

25

1    BACKENROTH FRANKLE & KRINSKY LLP

2         Attorney for JJAM Capital

3         488 Madison Avenue, 23rd Floor

4         New York, NY 10022

5

6    BY:  MARK A. FRANKEL

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                   P R O C E E D I N G S
 2              CLERK:  The next matter in the case of Etienne
 3      Estates At Washington LLC.
 4              THE COURT:  Appearances, please.
 5              MR. DONOVAN:  Good afternoon, Your Honor, Ted
 6      Donovan, Goldberg Weprin Finkel Goldstein, for the Debtor.
 7              MR. FRANKEL:  Mark Frankel, Backenroth Frankel &
 8      Krinsky, for JJAM Capital LLC.
 9              MR. SUSSMAN:  Jeremy Sussman on behalf of the
10      United States Trustee.
11              MR. GIAMPOLO:  John Giampolo for Debtor's
12      principal, Joanna Francis, Your Honor.
13              THE COURT:  Mr. Frankel, you can't get away from
14      this case?
15              MR. FRANKEL:  Try as I might, hopefully, this will
16      be the end.
17              THE COURT:  All right.  So, somebody, like Mr.
18      Donovan or Mr. Frankel, give me status of all that's going
19      on here.
20              MR. DONOVAN:  Your Honor, Ted Donovan for the
21      Debtor.  We have successfully refinanced and paid JJAM
22      Capital LLC.  We have filed a certification of ballots
23      showing that one class of the -- one class has voted in
24      favor of the --
25              THE COURT:  Oh, no, no, I'm not read for
```

1    (indiscernible).

2              MR. DONOVAN:  No, no, I'm just saying, and we also

3    filed a declaration in support of confirmation, so we're

4    ready to go forward with confirmation.  I believe we're

5    current with our obligation to report --

6              THE COURT:  No, no, I just wanted to know, I

7    wanted to know that the, I want it on the record.  I know we

8    have it in emails.  I wanted it on the record that he closed

9    on the refinancing and Mr. Frankel's client has been paid.

10   That's what I wanted to hear on the record and that's way of

11   status.  Now, we can get to everything else.

12             MR. DONOVAN:  I'm sorry, one second, Your Honor.

13   Sorry, Your Honor, Mr. Nash is going to join us.  While

14   we're waiting, let me just -- we filed a certification --

15             THE COURT:  We're not there yet.

16             MR. DONOVAN:  Oh, I though you said we're ready

17   for confirmation.

18             THE COURT:  No, no, no.

19             MR. DONOVAN:  I'm sorry, I misunderstood.

20             THE COURT:  This is the adjourned status

21   conference for Etienne.  Two matters returnable today, can

22   be marked off; the hearing to confirm sales of Debtor's real

23   property and his motion to cure and reinstate JJAMS

24   mortgage.  So, those are both getting marked off for the

25   same reason, because you just made it on the record that

1   they -- that the property has been refinanced and Mr.

2   Frankel's client was paid.  Last week I entered that order

3   authorizing Debtor's principal to obtain that financing,

4   using the Debtor's property as collateral.  And so,

5   therefore, no sale took place and there's no mortgage to

6   cure or reinstate.  That's my status.  Mr. Sussman's status

7   now, and then we'll move on.

8         MR. SUSSMAN:  Your Honor, nothing to add to that,

9   thank you.  Jeremy Sussman on behalf of the United States

10   Trustee.

11         THE COURT:  Okay.  Also returnable today is the

12   hearing to confirm Debtor's second amended plan, which faces

13   one limited objection from JJAMS.  Okay, let me go to the

14   plan.  Okay, where do I have Ms. Francis on the screen?  Do

15   I have her?

16         MR. SUSSMAN:  Apparently not, Your Honor.

17         THE COURT:  I need her.  I have her declaration,

18   but I need her.  All right.  Let me take a minute to look at

19   this anyway.  I assume somebody is reaching out to her.

20         MR. SUSSMAN:  Your Honor, I can --

21         MR. NASH:  I did already.  I texted.

22         MR. DONOVAN:  Ted Donovan.  I've sent her the

23   link.

24         MR. NASH:  Kevin Nash.  She's re-logging on, or

25   reregistering, whatever you refer to it as.

1          THE COURT:  How are we doing?

2          CLERK:  Do you want to do the next matter and put

3     this on second call?

4          MR. NASH:  I'm calling her again, Judge.

5          THE COURT:  Let me see.  I don't want to keep

6     everybody here waiting, because it's expensive.  I don't

7     want to do that.  So, hold on, let me see if I can, let me

8     see how quick we are ahead of us, who we got next.  Let me

9     go over there, look at it.  Oh, I can do the next one really

10    fast, I think.  Maybe not.  Let's try.  All right, second

11    call.

12          (Recess)

13          MR. DONOVAN:  Your Honor, it's Ted Donovan.  She's

14    on.

15          THE COURT:  Hello.  Ms. Francis?  Are you on mute?

16          CLERK:  If she called in, it's star 6.

17          MR. NASH:  It's the last one where it says

18    unverified 917279.

19          CLERK:  Right --

20          THE COURT:  Okay.

21          CLERK:  She needs to come off mute and make her --

22    Second call, Etienne Estates At Washington LLC.

23          THE COURT:  Let the record reflect we've got Ted

24    Donovan, Mark Frankel, Mr. Sussman and John Giampolo.  Star

25    6.  You need to unmute your phone and also unmute -- there

1    you go.

2                MS. FRANCIS:  Thank you.  Sorry.

3                THE COURT:  All right.  State your name.

4                MS. FRANCIS:  Johanna Francis.

5                THE COURT:  Okay.  And who's vouching for -- I

6    mean I normally --

7                MR. NASH:  I am, Kevin Nash.

8                THE COURT:  Normally, I would need to see you, Ms.

9    Francis, for this.  But I understand (indiscernible).

10               MR. GIAMPOLO:  Your Honor, John Giampolo.

11               THE COURT:  Yeah.  You can also (indiscernible).

12               MR. GIAMPOLO:  (indiscernible) represent Ms.

13   Francis.

14               MR. SUSSMAN:  I also vouch for Your Honor,

15   correct.

16               THE COURT:  Okay, good, all right.

17               MR. NASH:  We'll do it in unison.

18               THE COURT:  All right, okay.  All right, let us go

19   then to confirmation.  And I would ask that you first make a

20   motion, whoever is doing this, to do a proffer in lieu of

21   testimony.  And after that gets granted, to make a motion to

22   have Ms. Francis's declaration at ECF 104 moved into

23   evidence.  So, whoever's starting, go ahead and start.

24               MR. NASH:  Your Honor, Kevin Nash for the Debtor.

25   I would ask the Court to allow me to make a proffer and move

```
 1    --

 2              CLERK:  Judge, I'm sorry to interrupt

 3    (indiscernible)

 4              MR. NASH:  -- (indiscernible) declaration into

 5    evidence.

 6              CLERK:  (indiscernible) alarms going off in the

 7    building.  I have to stand by to see what they're going to

 8    say, if I have to evacuate.

 9              THE COURT:  What?

10              CLERK:  The alarm is going off in the building.

11    I'm going to wait and see what the Fire Safety Director

12    says, if I have to leave the building.  It's going off right

13    now.

14              THE COURT:  This is why I like everybody to be

15    remote, although I have had my alarm go off in my home

16    telling me to leave my building.

17              CLERK:  All right, I'm not hearing anything, so

18    I'm going to have to go.  I mean, I guess you guys

19    (indiscernible).

20              THE COURT:  Can you leave everything

21    (indiscernible).

22              CLERK:  Yeah, I'm going to let it go.  I'm

23    leaving.

24              THE COURT:  Okay.  I think I can do this without

25    you.  I'll try.  Okay, does anybody object to the proffer?
```

1   Your motion is granted and now you would move to have her

2   declaration admitted into evidence?

3            MR. NASH:  Yes, Your Honor, I would ask the Court

4   to allow me to admit the Francis declaration into evidence,

5   concerning the elements of confirmation under 1129.

6            THE COURT:  Any objection?  Okay.  Mr. Frankel,

7   are you, no, you're not frozen, are you?  I see you there.

8   Okay.  No objections.  Okay.  All right, there being no

9   objections, when Ms. Howard returns, I will direct Ms.

10  Howard to mark Ms. Francis's declaration, which is at ECF

11  104 into evidence.

12            (ECF 104 entered into evidence)

13            THE COURT:  Now, I would ask you, Mr. Nash, to

14  take us through that declaration with respect to the

15  requirements of confirmation and I'll go along with you.  Go

16  ahead.

17            MR. NASH:  Yes, Your Honor.  Kevin Nash for the

18  debtor.  Ms. Francis submitted a declaration which was

19  reviewed at length before it was filed.  The declaration,

20  obviously, (indiscernible) with the good news in the case

21  that we did file what we call a toggle plan predicated upon,

22  in the first instance, the refinancing.  Ms. Francis was

23  successful in completing that refinancing, I believe, on the

24  afternoon of April 29th.  During the course of the

25  refinancing she satisfied in full the claims of JJAM.

1          We talked about, early in the morning, an

2     assignment of the claim, but the lender and the title

3     company prepared everything for a straight refinancing based

4     upon its satisfaction.  But we decided, along those lines,

5     to make sure we met the date of April 29.  As Your Honor may

6     recall, we (indiscernible) in escrow on the afternoon of

7     April 28, and it was too risky, I believe, to start changing

8     paperwork, knowing that we had an absolute deadline

9     (indiscernible) to the title company (indiscernible) on

10    April 29th.

11         We did file what I call a notice of the payment.

12    That's in the record.  And we referenced it in the

13    declaration of Ms. Francis at ECF Number 99.  And that's the

14    notice of the closing and refinancing and payment to JJAM.

15         THE COURT:  Quick question, Mr. Nash.  Because

16    this had occurred to me last week, what kind of mortgage did

17    Ms. Francis get?

18         MR. NASH:  She got a (indiscernible) so if the

19    question is did she get a a residential mortgage or a

20    commercial mortgage, I don't know exactly the answer to

21    that.

22         THE COURT:  Because it occurred to me -- it

23    occurred to me and I didn't know why some of you were

24    putting various language characterizing what it was and I

25    thought another aspect might have been an attempt to see if

1    there was a problem -- you might have had a problem with an

2    assignment on that basis.  That was something that occurred

3    to me.

4         MR. NASH:  Well -- Kevin Nash for the debtor.

5    That was an issue that was mooted by taking the direct

6    mortgage from the lender.

7         THE COURT:  Okay, go ahead.

8         MR. NASH:  So, in the declaration, Ms. Francis

9    indicated how much she borrowed.  She also contributed

10   $700,000 towards the refinancing.  She laid out the balance

11   of the plan distributions that she intends to fund,

12   professional fees due, U.S. Trustee fees, IRS, Con Ed, and

13   Catherine French.  Total disbursements are $165,000 and

14   change, which she will fund.  She indicated that she has the

15   personal moneys to do that.  She also referenced the fact

16   she had already signed an agreement with the City of New

17   York to accept payments of real estate over time, which as I

18   understand it, fits into the contours of 1129.

19        We talked about that she could get a loan from

20   Catherine French, who voted in favor of the plan as an

21   unsecured creditor.  Her declaration goes through the

22   compliance with 1129, that the plan complies with the Code.

23   It was filed in good faith.  The payments for professionals

24   subject to a reasonableness standard, that there is going to

25   be post-confirmation management (indiscernible) Ms. Francis.

1    I think the plan is in the best interests of creditors and

2    it's unanimously accepted.

3              We did have a voting class that voted for the

4    plan.  It provides for the payment of administrative

5    expenses.  Mr. Donovan filed a certification of ballot.  I

6    think (indiscernible) based upon the refinancing, the

7    personal contributions that she made, the U.S. Trustee fees

8    will be paid until the end of the case.  And I do think she

9    meets the criteria of 1129(a).

10             I would also note that she objected, probably will

11   have some discussion on that.  She objected to the limited

12   reservation or limited objection filed by JJAM.  JJAM was

13   paid.  They've been satisfied.  I believe they sent a

14   satisfaction piece for recording.  They're no longer a

15   creditor.  Whatever reservation of litigation rights there

16   are, that doesn't impact confirmation.  The --

17             THE COURT:  Mr. Nash, the language that they

18   suggested, I thought did that very thing.  But finish your

19   presentation then we'll go to that.

20             MR. NASH:  Okay.  So, as we said last week, less

21   is more in the terms of what the confirmation order should

22   be.  The plan, I would ask the Court to be confirmed, the

23   reservation of rights in the plan.  Obviously, JJAM will

24   have reciprocal reservation of defenses --

25             THE COURT:  Their reservation of -- hold on a

1    minute -- their -- okay, so I have to see what -- we have to

2    focus here for a minute.  JJAM is asking us, since JJAM was

3    paid in full on a secured -- but before we get to JJAM, are

4    you finished with your presentation on your direct?

5            MR. NASH:  I am, Your Honor.

6            THE COURT:  Okay.  I just want to clarify

7    something.  How much was the refinancing?  When you say that

8    she got $700,000 -- I thought -- it was a certain amount of

9    money over what JJAM was owed that the loan was for,

10   correct?

11           MR. NASH:  Yes, I believe it was closer to the

12   total with the $2.2 million and the 700, you know, back of

13   the envelope.  It was closer, a little bit above $2.9

14   million in total.

15           THE COURT:  Okay.  So, the 700 --  so she got

16   $700,000, approximately, over and above that.  And of the

17   $700,000 she's going to be contributing that much -- that's

18   what she needs to cover all admin expenses, unsecured

19   creditors, in full.  And she will continue to maintain her

20   agreement with the City.

21           MR. NASH:  Correct.  The 700 was part of the

22   refinancing, contribute moneys over and above the 700.

23           THE COURT:  Oh, that's what I'm trying to -- over

24   and above the 700?

25           MR. NASH:  Yes.

1            THE COURT:  Why does she need money over and above

2      the 700?

3            MR. NASH:  Because the 700 plus the $2.2 million

4      that was at the refinancing table went to take care of JJAM

5      in the title costs.

6            THE COURT:  Okay.

7            MR. NASH:  I believe the title bill for her -- I'm

8      going by memory -- was about $84,000.

9            THE COURT:  Okay, all right, all right.  I

10     understand now, okay.  All right.  So, what is the language

11     -- so, okay, so JJ was paid in full in a secured claim.  Any

12     and all plan provisions relating to JJAM be deemed moot.

13     So, do you have -- Mr. Frankel, because I don't have it

14     open, is there a -- the reservation of rights -- I don't

15     know if I have it here -- that is in -- the Debtor

16     reservation of rights that is in the plan that you're

17     objecting to?  Say your name.

18            MR. FRANKEL:  Mark Frankel.  The plan has a lot of

19     statements in a lot of different places about a reservation

20     with a capital R, relating to JJAM and clawback language.  I

21     don't know what the Debtor intends to do with it, but I do

22     know that the last time the debtor confirmed a plan,

23     whatever it was, seven years ago, we ended up litigating

24     plan language.  And that's presently what's on appeal, is

25     this Court's plan language from back then.

1        Now that we're no longer a creditor, I don't think

2    that we should be bound by any poison pills that are in the

3    plan, or even the possibility of the Debtor on appeal,

4    somehow arguing that plan confirmation increase their

5    rights.  By the same token, we're not looking to use that to

6    say that somehow the Debtor's plan confirmation order

7    changed anything.  I mean, the -- that's why I tried to do a

8    broad disclaimer about the plan, so that we don't end up

9    litigating what the confirmation order means in this case,

10    like we did last time.

11        THE COURT:  Mr. Nash, the plan says, instead of

12    toggle, right?  So that was a -- but it has three choices,

13    didn't it?  It had a sale?

14        MR. NASH:  Kevin Nash for the debtor.  It had a

15    cure and reinstatement, it had a sale option, and all those

16    things toggle in the event there wasn't a refinancing.

17        THE COURT:  Okay.  So the order confirms

18    (indiscernible).

19        MR. NASH:  So, I think that (indiscernible).

20        THE COURT:  It seems to me the order confirming a

21    plan at the base, at the minimum, should say, that the plan

22    is confirmed by, you know, it meets the requirement, but

23    also as far as means, that the plan was confirmed by virtue

24    of the refinance, again, that the principal did, using the

25    property as collateral.

1          MR. NASH:  Right.

2          THE COURT:  That sentence, or something as simple

3     as that, should be in the order confirming the plan so we

4     know how it ended, right?  Otherwise we don't know the end

5     of the story if we just read the plan.

6          MR. NASH:  Right.  Option number -- Kevin Nash for

7     the Debtor, I'm sorry.  Option number one is what we used to

8     do the plan, so to speak, and that's the refinancing option.

9     And I did discuss, I think, on an email to the U.S. Trustee

10    and perhaps to Mr. Frankel; I will incorporate in the

11    confirmation order that option number one, the toggle for

12    refinancing, was the way the plan was funded.

13         THE COURT:  I don't like any of those words.

14         MR. NASH:  Okay.

15         THE COURT:  I don't want words that, again, we

16    have to go back to for redefining.  You can say that the

17    plan is confirmed and then you can, you know, all of the

18    requirements are met, including the requirement of

19    feasibility.  And that was met by virtue of the plan being,

20    of the JJAM being paid in full by a refinance of the

21    obligations, by the Debtor's principal, using the property

22    as collateral.  You can say and above that amount, however

23    you want to do it, you know, after, you know, pursuant to

24    court order, okay, you know, whatever that order was that I

25    entered.  Okay.

1           So, something that just says what happens that

2    way, rather than use words like toggle and choice one --

3    don't do that.

4           MR. NASH:  Okay.

5           THE COURT:  Say what happens, in a very simple

6    way.  Okay.  So, once we say what happened, again -- and

7    JJAM was paid in exchange over the satisfaction of their

8    note and mortgage.  Okay, that's in there.

9           Now, so therefore, you know, we know all the

10   choices.  I don't understand -- the problem with clawbacks,

11   is it -- the problem with clawback is how we all understand

12   clawback, is that when it was given, there must have been

13   something that it was subject to, okay.  But there wasn't.

14   This was paid in full, had to be paid in full, subject to no

15   clawback.

16          MR. NASH:  Correct.  It's not subject to a

17   clawback.  Kevin Nash for the Debtor.

18          THE COURT:  Okay.  So, I'm going to look at the

19   language that --

20          MR. NASH:  It's 4.32 of the plan.

21          THE COURT:  All right.  So, what they're looking

22   for is that -- again, why can't it say that once they were

23   satisfied their involvement in the plan came to an end, came

24   to a conclusion.  Their involvement in the plan came to a

25   conclusion, by their way of -- because they were paid off.

Page 20

1    Right, we said, what that (indiscernible)

2              MR. NASH:  That it can say.

3              THE COURT:  That concludes their involvement in

4    the plan.  And then we can -- they're saying all parties'

5    rights, claims and defenses, with respect to any pending or

6    future appeals and litigation, are reserved for adjudication

7    in the appropriate non-bankruptcy forum.  I mean that's not

8    a bad sentence.  I mean, you could say (indiscernible) --

9              MR. NASH:  (indiscernible).

10             THE COURT:  You can switch it and litigation

11   and/or future appeals or whatever, I don't know, but okay.

12   So, the avoidance of doubt, nothing in the plan or

13   confirmation order shall expand, modify or create any rights

14   or claims by or against JJAM beyond those existing under

15   applicable non-bankruptcy -- nothing in the plan or order

16   shall expand, modify or create.  Well, the plan, I mean the

17   confirmation order does say they've been paid, so it has

18   (indiscernible).

19             What they don't want to have happen is they don't

20   want any language in the confirmation order -- the

21   confirmation order confirms the plan.  And to the extent I

22   approve a confirmation order and there's language in the

23   plan, we leave open the possibility that there's some plan

24   language that you can then hang your hat on in litigation in

25   the non-bankruptcy forum.  That is what they are trying to

1    prevent.  Everyone's rights should be reserved to the --

2    first of all, I don't know what, if any, rights we're

3    talking about, about the Debtor.

4            I don't know what litigation -- because

5    presumably, if the Debtor has ongoing litigation, the Debtor

6    is the party -- I don't know that you say -- you don't tell

7    us what's going to happen with that litigation.  If it's a

8    principal litigation, it's the principal's litigation.  But

9    I'm trying to -- I don't want to create a -- I mean, what

10   they're saying is, I think, right.  Go ahead.

11           MR. NASH:  But what I'm saying I think is right

12   also.  So, I'm just referring to Paragraph 4.3.2.  And it's

13   not a clawback.  It's the preservation of appellate rights,

14   post judgement claims or other claims relating to the

15   administration of the law.  And all it says, the Debtor's

16   appellate rights, together with all post-judgment claims or

17   all other claims relating to or rising out of the

18   administration of the subject mortgage, shall remain

19   property of the Debtor's estate and shall be vested in the

20   reorganized Debtor.

21           That's all it says, not any effort to gain

22   leverage in post-confirmation litigation.  So, I'm happy

23   with my language.  I can work with Mr. Frankel's language to

24   run in connection with my --

25           THE COURT:  I don't know, again, I don't think you

1    should identify those kinds of things.  I think you should

2    just say that -- so you're doing what I said you needed to

3    do, which is to say what happens, that any, that, again,

4    that any, is it causes of action other than what's pending?

5         MR. NASH:  No.

6         THE COURT:  No?

7         MR. NASH:  No.  The post-judgment claims or other

8    claims relating to, arising.  So, in theory, it can be an

9    administration claim against them.  And the administration,

10   what I'm talking about is (indiscernible) administer the

11   loan in accordance with applicable --

12        THE COURT:  No, no, no.  You're talking about a

13   cause of action that hasn't been brought yet.

14        MR. NASH:  Yes.  That is possible.  And for the

15   plan purposes, I'm just saying, whatever it is, is the

16   property of the estate and is vested in the reorganized

17   Debtor, without commenting whether it's good, bad, or

18   indifferent.  I chose this language carefully just to make a

19   preservation.  It's not a clawback.

20        THE COURT:  No, but I don't like the fact that you

21   describe it.  Whatever -- if the Debtor has -- again, the

22   Debtor's causes of action -- and what if a pending -- didn't

23   we have a pending and future litigation -- well, appeals we

24   don't know.  What is the --?

25        MR. NASH:  There's two pending, or one pending --

1           THE COURT:  Is it one or two?

2           MR. NASH:  I think it's one by Ms. Francis

3    personally, and one by the Debtor.  And I believe it has to

4    do with some of the rulings that were made by Judge

5    (indiscernible) in the Supreme Court, regarding the

6    characterization and the status of the loan as a residential

7    loan, or a commercial loan.  And that is the essence of that

8    appeal.  And so those, that's a pending appeal.  It would

9    continue post-confirmation.  Ms. Francis has her own claims

10   on that.  The Debtor has its own claims on that.

11          THE COURT:  Okay.

12          MR. NASH:  And it emanates from that.

13          MR. DONOVAN:  Excuse me, there's one addition to

14   that, if I might, Ted Donovan.

15          THE COURT:  I was going to say (indiscernible)

16   excusing you so I know who's speaking.  Go ahead.

17          MR. DONOVAN:  Your Honor, Ted Donovan.  The -- one

18   of the issues on the appeal is the approval of the referee's

19   report, which sticks to the amount of the claim.  So, it is,

20   one of the issues is whether JJAM got overpaid.

21          THE COURT:  Yeah.  I'm not going to be able to do

22   this now.  I'm just not, because --

23          MR. FRANKEL:  Judge, can I explain this from

24   JJAM's point of view?

25          THE COURT:  Yeah.

1              MR. FRANKEL:   Okay, the Debtor is speaking very

2     broadly about the basis for the appeal.  The appeal is that

3     your prior confirmation order somehow required JJAM to give

4     greater consumer protections than simply expanded notice,

5     which is the specific provision you required JJAM to adhere

6     to under New York law in addition to the commercial

7     foreclosure requirements.  That is the basis for the appeal.

8     Anything else that, any other claims that the Debtor is

9     talking about --

10             THE COURT:  That's the basis for a State Court

11    appeal?

12             MR. FRANKEL:  Yes.

13             THE COURT:  Because the lower court --

14             MR. FRANKEL:  Your order required JJAM to comply

15    with all New York State consumer protections on foreclosure.

16             THE COURT:  And the lower court said what?

17             MR. FRANKEL:  Did not.

18             MR. NASH:  It disregarded that portion in the

19    order, Judge.

20             MR. FRANKEL:  But that's not the point.  I just

21    wanted to clarify that --

22             MR. NASH:  But it's an important point.

23             MR. FRANKEL:  And the reason I wanted to clarify

24    it is because I don't want to get caught in that trap again.

25    Anything having to do with loan administration and the other

1    claims that Mr. Nash mentioned are items that we would

2    normally be able to say are res judicata, can't be raised

3    because they were part of the foreclosure and are now moot,

4    unless you went on appeal.  I believe that what's going to

5    happen is that Mr. Nash is going to take out this 4.3.2 and

6    say the Court considered it carefully and gave me these

7    rights.  So, irrespective of whether they were raised in the

8    foreclosure, I still have them.  And that's what I don't

9    want.  We're not trying to do that to the Debtor.  The

10   Debtor shouldn't be trying to do that to us.  We were paid

11   outside of the plan.  Our role in the case is over.  Our

12   rights are what they are under New York law, and that's

13   where we want to leave it.

14            THE COURT:  Okay.  Again, I don't want to

15   bootstrap.  And they don't want to bootstrap.  I'll give you

16   a chance to work on this, but right now, Mr. Frankel is

17   correct and you're not, in my view.  Whatever you've got out

18   there pending, fine, go fight it out.  But -- and again,

19   very simple statement that indicates what it is, that

20   everyone, you know, and it revests, revests in the Debtor,

21   in the confirmed Debtor, the reorganized Debtor.  Has to

22   revest, we know that.  And it revests, again, with them

23   reserving your rights, their rights, and they're reserving

24   your rights, and that's it.  Otherwise, we have a bootstrap.

25   And again, they've already been, you know, whatever that

1    language is about fool me once, whatever, I'm not doing it.

2    So, I'll put this on second call.  We can either do this

3    today or you can do it another day.

4            MR. NASH:  Can we do it another day, Judge?  I'm

5    going to have to go over the language again.

6            THE COURT:  Okay, we'll do it another day.  So,

7    I've confirmed the plan.  Well, I guess -- did confirmed the

8    plan yet?  I guess I didn't confirm the plan yet, because I

9    didn't rule on the objection.  So, the plan is not confirmed

10   while we didn't have -- we did, Ms. Howard, determine that

11   their declaration should be Exhibit A, Debtor and Debtor-in-

12   Possession Exhibit A in support of confirmation.  And we'll

13   adjourn confirmation for me to rule on it and rule on the

14   objection.

15           CLERK:  When do you want to adjourn to, Judge?

16           THE COURT:  When do we have time?

17           CLERK:  I mean, the soonest is --

18           THE COURT:  Is there any leftover time on May

19   28th?

20           CLERK:  Let's take a look.

21           MR. FRANKEL:  I'm going to be over -- this is Mark

22   Frankel -- I'm going to be overseas from the 20th to the

23   5th, be back on the 5th.

24           CLERK:  We could do, well --

25           THE COURT:  That's a problem.

1          CLERK:  Yeah.  Judge, are we going to keep the

2     June 10th stuff or is everything just going to be moved?

3          THE COURT:  No, I'll, right now we have the

4     afternoon?

5          CLERK:  Right, correct.

6          THE COURT:  With the possibility of putting that

7     over.  Yeah, let's hold off on that for a minute.

8          MS. FRANCIS:  May I interject for a moment,

9     please?

10          THE COURT:  Yes, Ms. Francis.

11          MS. FRANCIS:  We have not received any kind of

12     satisfaction from them.  So, they were paid on the 29th, and

13     the title company needs two payoff statements because

14     nothing was ever consolidated.  So, they've had benefit of

15     this money and have not performed.

16          THE COURT:  Wait a minute.  I understood that

17     satisfaction was to be recorded.  Is that not true, Mr.

18     Frankel?

19          MR. FRANKEL:  The real estate lawyer on our side

20     is Michael Bush.  He's had -- I've been copied on emails

21     about -- with Ms. Francis' lawyer or the Debtor's

22     transactional lawyer, about delivering the satisfaction.  I

23     think it was drafted and it was reviewed, and now it's going

24     to be delivered.  They wanted it by email, and then hard

25     copy.  I don't, and I don't recall whether -- you know, I

1    think that that email I got this morning, where they

2    communicated with each other and arranged for that.  So,

3    it's in process.  I guess -- I'm not a transactional lawyer,

4    but apparently these things take a few days and --

5              THE COURT:  I'm directing, I'm so ordering this

6    record and directing that it be done immediately.

7              MR. FRANKEL:  As I said, I think the title company

8    is in the middle of this, and it's in process.  And we're

9    not delaying it.  It just takes a couple of days.  I'll call

10   Michael Bush and tell him he's got to do this and make sure

11   it gets done.

12             THE COURT:  Tell him he's got to do it

13   immediately.  I thought it was delivered and it was just a

14   question of waiting for it to be recorded.  So you're

15   telling me it hasn't been delivered, that's not okay.

16             MR. NASH:  And also, Judge -- Kevin Nash --

17   whatever the title company wants in the form they wanted, I

18   need JJAM to cooperate.

19             MR. FRANKEL:  I think that there is, that they're

20   talking about where the duplicate original is.  I'm not

21   sure.  I don't know anything about transactional work.  I

22   have to call Michael Bush and tell him to just make sure he

23   gets it done as fast as he can.

24             THE COURT:  Let me ask you a different question.

25   Was there a problem, is there a problem with the title

1    company with respect to the fact that the real estate taxes

2    weren't paid off at the closing but that the agreement is

3    going to continue?

4              MR. FRANKEL:  If it was, nobody told me about it.

5              THE COURT:  Okay, just wondered.

6              MR. NASH:  Again, Your Honor, the title company

7    accepted the agreement.  They accepted all the title

8    charges, and they issued the title policy to the lender.

9              THE COURT:  Then there should be absolutely

10   nothing holding up this satisfaction.

11             MR. NASH:  Right.

12             THE COURT:  I don't, I mean, I'm not a real estate

13   lawyer, but I can't imagine what it would be.  All right.

14   I'm working on a day here.

15             CLERK:  Judge, June 18th in the afternoon.

16             THE COURT:  I'm trying not to go out that far.

17   I'm looking for something else.  What if we did it on June

18   -- wait, hold that thought.  Let's see what this afternoon

19   looks like.

20             MS. FRANCIS:  May I interject one other thing,

21   please?

22             THE COURT:  Wait a minute.  Ms. Francis, I'm just

23   trying to find a date.  Give me a second.  If we moved Hyatt

24   from 2:00 to later in the afternoon, could we give them 2:00

25   slot on the phone, on June 12th?

1          CLERK:  We moved Hyatt to when?

2          THE COURT:  Later on in the afternoon.

3          CLERK:  Oh, I wasn't aware of that.  I see Hyatt

4     at 2:00 on the 12th.

5          THE COURT:  Right.  Could we move Hyatt, let's

6     say, to 3:30 and open up the 2:00 slot for this case.

7          CLERK:  Okay.

8          THE COURT:  And we'll do it by phone.

9          CLERK:  By phone, okay.

10         THE COURT:  I can, I don't need to look at these

11    people to hear them arguing with each other, I know their

12    voices.  All right, Ms. Francis, what did you want to ask?

13         MS. FRANCIS:  How did (indiscernible) that they

14    were owed $70,000 of legal fees?  With reference to the

15    state court proceeding, there were none.  So, essentially,

16    what they did is they sent one payoff statement without

17    about $30,000.  And within, I don't even think a 30-day

18    period of time, that jumped to about $70,000.  So, I would

19    just request that they have to submit copies of their bills

20    and proof of payment for the loan documents they were being

21    paid off of.

22         THE COURT:  That ship sailed.  Again, they -- you

23    paid them, you paid them the money already, correct?

24         MS. FRANCIS:  I paid because (indiscernible).

25         THE COURT:  I know.

1           MS. FRANCIS:  I paid (indiscernible) to pay them.

2           THE COURT:  I understand you paid the

3    (indiscernible).

4           MS. FRANCIS:  I paid with respect to you stating

5    that I had to pay them.

6           THE COURT:  Yes.

7           MS. FRANCIS:  That's what I did.

8           THE COURT:  Well, you didn't have to pay them.

9    You could have bought the property (indiscernible), you

10   could have had a sale.  There were --

11          MS. FRANCIS:  Yeah, so I (indiscernible) my

12   property --

13          THE COURT:  They have to give you a -- no, we're

14   not doing this.  They have to give you a satisfaction.

15   We're not doing this.  You paid them, they have to give you

16   a satisfaction.

17          MS. FRANCIS:  They don't (indiscernible) I'm just

18   trying to be clear, I'm not arguing with you.  So, you're

19   stating that they created fees with inside of the Bankruptcy

20   Court proceeding and they do not have to give me an invoice

21   for that or proof of payment.  If that's what's you're

22   stating, then that's what you're stating.

23          THE COURT:  I am not saying anything about that.

24   I'm not getting involved in that, is what I'm saying.  I'm

25   saying they gave you a payoff amount.  The payoff amount was

1    agreed to.  The payoff amount is what you paid and they have

2    to give you a satisfaction.  The one thing I understood that

3    was agreed to was the payoff amount.  So, again --

4              MS. FRANCIS:  I didn't agree to do anything.  I

5    just paid them whatever they said they were owed.

6              THE COURT:  Ms. Francis, we're finished with this

7    conservation.

8              MS. FRANCIS:  Okay, (indiscernible) it's on the

9    record --

10             THE COURT:  Can you folks do that time?

11             MR. FRANKEL:  Yes.

12             MR. NASH:  Yes.

13             THE COURT:  Otherwise, we're going to be here

14   until --

15             MAN 1:  Yes, Your Honor.

16             THE COURT:  Unless this gets resolved we're going

17   to be here for months and months and months and your

18   expenses of administration with all these attorneys are

19   going to look like nothing compared to what it is that

20   you're fighting about.  That's all I've got to say about

21   that and let's call the next case.

22             MR. NASH:  Thank you, Judge.

23             (Whereupon these proceedings were concluded at

24   4:34 PM)

25

1                    C E R T I F I C A T I O N

2

3        I, Rita Weltsch, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6

7

8    Rita Weltsch

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  May 27, 2025

| **&** | **27** 33:25 | **700,000** 13:10 | **administration** |
|---|---|---|---|
| **&** 4:1 5:7 | **271** 1:13 | 15:8,16,17 | 21:15,18 22:9 |

**&**

**&** 4:1 5:7

**1**

**1** 32:15
**10014** 3:21
**10017** 3:6
**10022** 4:4
**1006** 3:20
**10175** 3:14
**104** 9:22 11:11
  11:12
**10th** 27:2
**11** 2:6
**11201** 1:14
**1129** 11:5
  13:18,22 14:9
**11501** 33:23
**12** 3:5
**12151** 33:6
**125** 3:5
**12th** 29:25
  30:4
**1301** 3:13
**165,000** 13:13
**18th** 29:15
**199** 2:7

**2**

**2.2** 15:12 16:3
**2.9** 15:13
**201** 3:20
**2025** 1:16
  33:25
**20th** 26:22
**23rd** 4:3
**24-43203** 1:3

**27** 33:25
**271** 1:13
**28** 12:7
**28th** 26:19
**29** 12:5
**29th** 11:24
  12:10 27:12

**3**

**30** 30:17
**30,000** 30:17
**300** 33:22
**330** 33:21
**363** 2:7
**3:30** 30:6
**3:43** 1:17

**4**

**4.3.2** 25:5
**4.3.2.** 21:12
**4.32** 19:20
**488** 4:3
**4:34** 32:24

**5**

**5** 2:3
**56** 2:5
**5th** 3:13 26:23
  26:23

**6**

**6** 1:16 8:16,25

**7**

**70,000** 30:14
  30:18
**700** 15:12,15
  15:21,22,24
  16:2,3

**700,000** 13:10
  15:8,16,17
**79** 2:10

**8**

**84,000** 16:8

**9**

**917279** 8:18
**99** 12:13

**a**

**able** 23:21 25:2
**above** 15:13,16
  15:22,24 16:1
  18:22
**absolute** 12:8
**absolutely** 29:9
**accept** 13:17
**accepted** 14:2
  29:7,7
**accordance**
  22:11
**accurate** 33:4
**action** 22:4,13
  22:22
**add** 7:8
**addition** 23:13
  24:6
**adhere** 24:5
**adjourn** 26:13
  26:15
**adjourned**
  6:20
**adjudication**
  20:6
**admin** 15:18
**administer**
  22:10

**administration**
  21:15,18 22:9
  22:9 24:25
  32:18
**administrative**
  14:4
**admit** 11:4
**admitted** 11:2
**afternoon** 5:5
  11:24 12:6
  27:4 29:15,18
  29:24 30:2
**ago** 16:23
**agree** 32:4
**agreed** 32:1,3
**agreement**
  13:16 15:20
  29:2,7
**ahead** 8:8 9:23
  11:16 13:7
  21:10 23:16
**alarm** 10:10,15
**alarms** 10:6
**allow** 9:25 11:4
**amended** 7:12
**amount** 2:7
  15:8 18:22
  23:19 31:25,25
  32:1,3
**answer** 12:20
**anybody** 10:25
**anyway** 7:19
**apparently**
  7:16 28:4
**appeal** 16:24
  17:3 23:8,8,18
  24:2,2,7,11

25:4
**appeals** 20:6
20:11 22:23
**appearances**
5:4
**appellate**
21:13,16
**applicable**
20:15 22:11
**appropriate**
20:7
**approval** 23:18
**approve** 20:22
**approximately**
15:16
**april** 11:24
12:5,7,10
**arguing** 17:4
30:11 31:18
**arising** 22:8
**arranged** 28:2
**asking** 15:2
**aspect** 12:25
**assignment**
12:2 13:2
**assume** 7:19
**attempt** 12:25
**attorney** 3:4,12
3:19 4:2
**attorneys**
32:18
**authorize** 2:10
**authorizing**
7:3
**avenue** 3:5 4:3
**avoidance**
20:12

**aware** 30:3

**b**

**b** 1:21
**back** 15:12
16:25 18:16
26:23
**backenroth** 4:1
5:7
**bad** 20:8 22:17
**balance** 13:10
**ballot** 14:5
**ballots** 5:22
**bankruptcy**
1:1,12,23 20:7
20:15,25 31:19
**base** 17:21
**based** 12:3
14:6
**basis** 13:2 24:2
24:7,10
**beach** 3:14
**behalf** 2:8,11
5:9 7:9
**believe** 6:4
11:23 12:7
14:13 15:11
16:7 23:3 25:4
**benefit** 27:14
**best** 14:1
**beyond** 20:14
**bill** 16:7
**bills** 30:19
**bit** 15:13
**bootstrap**
25:15,15,24
**borrowed** 13:9

**bought** 31:9
**bound** 17:2
**broad** 17:8
**broadly** 24:2
**brooklyn** 1:14
**brought** 22:13
**building** 10:7
10:10,12,16
**bush** 27:20
28:10,22

**c**

**c** 1:13 3:1 5:1
33:1,1
**cadman** 1:13
**call** 8:3,11,22
11:21 12:11
26:2 28:9,22
32:21
**called** 8:16
**calling** 8:4
**capital** 4:2 5:8
5:22 16:20
**care** 16:4
**carefully** 22:18
25:6
**case** 1:3 5:2,14
11:20 14:8
17:9 25:11
30:6 32:21
**catherine**
13:13,20
**caught** 24:24
**cause** 22:13
**causes** 22:4,22
**certain** 15:8
**certification**
5:22 6:14 14:5

**certified** 33:3
**chance** 25:16
**change** 13:14
**changed** 17:7
**changing** 12:7
**characterizat...**
23:6
**characterizing**
12:24
**charges** 29:8
**choice** 19:2
**choices** 17:12
19:10
**chose** 22:18
**city** 13:16
15:20
**claim** 12:2
16:11 22:9
23:19
**claims** 11:25
20:5,14 21:14
21:14,16,17
22:7,8 23:9,10
24:8 25:1
**clarify** 15:6
24:21,23
**class** 5:23,23
14:3
**clawback**
16:20 19:11,12
19:15,17 21:13
22:19
**clawbacks**
19:10
**clear** 2:6 31:18
**clerk** 5:2 8:2
8:16,19,21

10:2,6,10,17
10:22 26:15,17
26:20,24 27:1
27:5 29:15
30:1,3,7,9
**client** 6:9 7:2
**closed** 6:8
**closer** 15:11,13
**closing** 12:14
29:2
**code** 13:22
**collateral** 7:4
17:25 18:22
**come** 8:21
**commenting**
22:17
**commercial**
12:20 23:7
24:6
**communicated**
28:2
**company** 12:3
12:9 27:13
28:7,17 29:1,6
**compared**
32:19
**completing**
11:23
**compliance**
13:22
**complies** 13:22
**comply** 24:14
**con** 13:12
**concerning**
11:5
**concluded**
32:23

**concludes** 20:3
**conclusion**
19:24,25
**conference** 2:3
6:21
**confirm** 2:5
6:22 7:12 26:8
**confirmation**
2:1 6:3,4,17
9:19 11:5,15
13:25 14:16,21
17:4,6,9 18:11
20:13,17,20,21
20:22 21:22
23:9 24:3
26:12,13
**confirmed**
14:22 16:22
17:22,23 18:17
25:21 26:7,7,9
**confirming**
17:20 18:3
**confirms** 17:17
20:21
**connection**
21:24
**conservation**
32:7
**considered**
25:6
**consolidated**
27:14
**consumer** 24:4
24:15
**continue** 15:19
23:9 29:3

**contours** 13:18
**contribute**
15:22
**contributed**
13:9
**contributing**
15:17
**contributions**
14:7
**cooperate**
28:18
**copied** 27:20
**copies** 30:19
**copy** 27:25
**correct** 9:15
15:10,21 19:16
25:17 27:5
30:23
**costs** 16:5
**country** 33:21
**couple** 28:9
**course** 11:24
**court** 1:1,12
5:4,13,17,25
6:6,15,18,20
7:11,17 8:1,5
8:15,20,23 9:3
9:5,8,11,16,18
9:25 10:9,14
10:20,24 11:3
11:6,13 12:15
12:22 13:7
14:17,22,25
15:6,15,23
16:1,6,9 17:11
17:17,20 18:2
18:13,15,24

19:5,18,21
20:3,10 21:25
22:6,12,20
23:1,5,11,15
23:21,25 24:10
24:10,13,13,16
24:16 25:6,14
26:6,16,18,25
27:3,6,10,16
28:5,12,24
29:5,9,12,16
29:22 30:2,5,8
30:10,15,22,25
31:2,6,8,13,20
31:23 32:6,10
32:13,16
**court's** 16:25
**cover** 15:18
**create** 20:13,16
21:9
**created** 31:19
**creditor** 13:21
14:15 17:1
**creditors** 14:1
15:19
**criteria** 14:9
**cure** 2:11 6:23
7:6 17:15
**current** 6:5

| d |
| --- |

**d** 3:16 5:1
**date** 12:5 29:23
33:25
**day** 26:3,4,6
29:14 30:17
**days** 28:4,9

| | | e | 8:22 |
|---|---|---|---|
| deadline 12:8 | direct 2:10 | | evacuate 10:8 |
| debtor 1:9 3:4 | 11:9 13:5 15:4 | e 1:21,21 3:1,1 | event 17:16 |
| 5:6,21 9:24 | directing 28:5 | 5:1,1 33:1 | everybody 8:6 |
| 11:18 13:4 | 28:6 | early 12:1 | 10:14 |
| 16:15,21,22 | director 10:11 | east 1:13 | everyone's |
| 17:3,14 18:7 | disbursements | eastern 1:2 | 21:1 |
| 19:17 21:3,5,5 | 13:13 | ecf 9:22 11:10 | evidence 9:23 |
| 21:20 22:17,21 | disclaimer | 11:12 12:13 | 10:5 11:2,4,11 |
| 23:3,10 24:1,8 | 17:8 | ecro 1:25 | 11:12 |
| 25:9,10,20,21 | discuss 18:9 | ed 13:12 | exactly 12:20 |
| 25:21 26:11,11 | discussion | effectuate 2:10 | exchange 19:7 |
| debtor's 5:11 | 14:11 | effort 21:21 | excuse 23:13 |
| 6:22 7:3,4,12 | disregarded | either 26:2 | excusing 23:16 |
| 17:6 18:21 | 24:18 | elements 11:5 | exhibit 26:11 |
| 21:15,19 22:22 | distributions | email 18:9 | 26:12 |
| 27:21 | 13:11 | 27:24 28:1 | existing 20:14 |
| decided 12:4 | district 1:2 | emails 6:8 | expand 20:13 |
| declaration 6:3 | documents | 27:20 | 20:16 |
| 7:17 9:22 10:4 | 30:20 | emanates | expanded 24:4 |
| 11:2,4,10,14 | doing 8:1 9:20 | 23:12 | expenses 14:5 |
| 11:18,19 12:13 | 22:2 26:1 | ended 16:23 | 15:18 32:18 |
| 13:8,21 26:11 | 31:14,15 | 18:4 | expensive 8:6 |
| deemed 16:12 | donovan 2:7 | entered 7:2 | explain 23:23 |
| defenses 14:24 | 2:11 3:9 5:5,6 | 11:12 18:25 | extent 20:21 |
| 20:5 | 5:18,20,20 6:2 | envelope 15:13 | |
| delaying 28:9 | 6:12,16,19 | escrow 12:6 | f |
| delivered | 7:22,22 8:13 | essence 23:7 | f 1:21 2:7 33:1 |
| 27:24 28:13,15 | 8:13,24 14:5 | essentially | faces 7:12 |
| delivering | 23:13,14,17,17 | 30:15 | fact 13:15 |
| 27:22 | doubt 20:12 | estate 2:6 | 22:20 29:1 |
| department | dove 3:13 | 13:17 21:19 | faith 13:23 |
| 3:18 | drafted 27:23 | 22:16 27:19 | far 17:23 29:16 |
| describe 22:21 | due 13:12 | 29:1,12 | fast 8:10 28:23 |
| determine | duplicate | estates 1:7 2:8 | favor 5:24 |
| 26:10 | 28:20 | 2:12 5:3 8:22 | 13:20 |
| different 16:19 | | etienne 1:7 2:8 | feasibility |
| 28:24 | | 2:12 5:2 6:21 | 18:19 |

fee 2:7
fees 13:12,12
14:7 30:14
31:19
fight 25:18
fighting 32:20
file 11:21 12:11
filed 2:7,11
5:22 6:3,14
11:19 13:23
14:5,12
financing 7:3
find 29:23
fine 25:18
finish 14:18
finished 15:4
32:6
finkel 3:3 5:6
fire 10:11
first 9:19 11:22
21:2
fits 13:18
floor 3:13 4:3
flr 3:5
focus 15:2
folks 32:10
fool 26:1
foreclosure
24:7,15 25:3,8
foregoing 33:3
form 28:17
forum 20:7,25
forward 6:4
francis 3:12
5:12 7:14 8:15
9:2,4,4,9,13
11:4,18,22

12:13,17 13:8
13:25 23:2,9
27:8,10,11,21
29:20,22 30:12
30:13,24 31:1
31:4,7,11,17
32:4,6,8
francis's 9:22
11:10
frankel 4:6 5:7
5:7,7,13,15,18
8:24 11:6
16:13,18,18
18:10 23:23
24:1,12,14,17
24:20,23 25:16
26:21,22 27:18
27:19 28:7,19
29:4 32:11
frankel's 6:9
7:2 21:23
frankle 4:1
free 2:6
french 13:13
13:20
frozen 11:7
full 11:25 15:3
15:19 16:11
18:20 19:14,14
fund 13:11,14
funded 18:12
future 20:6,11
22:23

**g**

g 5:1
gain 21:21

getting 6:24
31:24
giampolo 3:16
5:11,11 8:24
9:10,10,12
give 5:18 24:3
25:15 29:23,24
31:13,14,15,20
32:2
given 19:12
go 6:4 7:13 8:9
9:1,18,23
10:15,18,22
11:15,15 13:7
14:19 18:16
21:10 23:16
25:18 26:5
29:16
goes 13:21
going 5:18 6:13
10:6,7,10,11
10:12,18,22
13:24 15:17
16:8 19:18
21:7 23:15,21
25:4,5 26:5,21
26:22 27:1,2
27:23 29:3
32:13,16,19
goldberg 3:3
5:6
goldstein 3:3
5:6
golubow 3:11
good 5:5 9:16
11:20 13:23
22:17

granted 9:21
11:1
greater 24:4
guess 10:18
26:7,8 28:3
guys 10:18

**h**

hang 20:24
happen 20:19
21:7 25:5
happened 19:6
happens 19:1,5
22:3
happy 21:22
hard 27:24
hat 20:24
hear 6:10
30:11
hearing 2:1,1,3
2:5,5,10 6:22
7:12 10:17
hello 8:15
hershey 1:22
hold 8:7 14:25
27:7 29:18
holding 29:10
hollander 3:11
home 10:15
hon 1:22
honor 5:5,12
5:20 6:12,13
7:8,16,20 8:13
9:10,14,24
11:3,17 12:5
15:5 23:17
29:6 32:15

**hopefully** 5:15
**howard** 11:9
11:10 26:10
**hyatt** 29:23
30:1,3,5

**i**

**identify** 22:1
**imagine** 29:13
**immediately**
28:6,13
**impact** 14:16
**important**
24:22
**including**
18:18
**incorporate**
18:10
**increase** 17:4
**indicated** 13:9
13:14
**indicates** 25:19
**indifferent**
22:18
**indiscernible**
6:1 9:9,11,12
10:3,4,6,19,21
11:20 12:6,9,9
12:18 13:25
14:6 17:18,19
20:1,8,9,18
22:10 23:5,15
30:13,24 31:1
31:3,9,11,17
32:8
**inside** 31:19
**instance** 11:22

**intends** 13:11
16:21
**interests** 14:1
**interject** 27:8
29:20
**interrupt** 10:2
**invoice** 31:20
**involved** 31:24
**involvement**
19:23,24 20:3
**irrespective**
25:7
**irs** 13:12
**issue** 13:5
**issued** 29:8
**issues** 23:18,20
**items** 25:1

**j**

**j** 2:7,11 3:8
**jeremy** 3:23
5:9 7:9
**jj** 16:11
**jjam** 4:2 5:8,21
11:25 12:14
14:12,12,23
15:2,2,3,9 16:4
16:12,20 18:20
19:7 20:14
23:20 24:3,5
24:14 28:18
**jjam's** 23:24
**jjams** 6:23
7:13
**joanna** 5:12
**johanna** 3:12
9:4

**john** 3:16 5:11
8:24 9:10
**join** 6:13
**judge** 1:23 8:4
10:2 23:4,23
24:19 26:4,15
27:1 28:16
29:15 32:22
**judgement**
21:14
**judgment**
21:16 22:7
**judicata** 25:2
**jumped** 30:18
**june** 27:2
29:15,17,25
**justice** 3:18

**k**

**keep** 8:5 27:1
**kevin** 3:8 7:24
9:7,24 11:17
13:4 17:14
18:6 19:17
28:16
**kind** 12:16
27:11
**kinds** 22:1
**know** 6:6,7,7
12:20,23 15:12
16:15,21,22
17:22 18:4,4
18:17,23,23,24
19:9,9 20:11
21:2,4,6,25
22:24 23:16
25:20,22,25
27:25 28:21

30:11,25
**knowing** 12:8
**krinsky** 4:1 5:8

**l**

**laid** 13:10
**language** 12:24
14:17 16:10,20
16:24,25 19:19
20:20,22,24
21:23,23 22:18
26:1,5
**law** 21:15 24:6
25:12
**lawyer** 27:19
27:21,22 28:3
29:13
**leave** 10:12,16
10:20 20:23
25:13
**leaving** 10:23
**leftover** 26:18
**legal** 30:14
33:20
**lender** 12:2
13:6 29:8
**length** 11:19
**leverage** 21:22
**liens** 2:6
**lieu** 9:20
**limited** 7:13
14:11,12
**lines** 12:4
**link** 7:23
**litigating** 16:23
17:9
**litigation** 14:15
20:6,10,24

21:4,5,7,8,8,22
22:23
**little**  15:13
**llc**  1:7 2:8,12
  3:3 5:3,8,22
  8:22
**llp**  3:11 4:1
**loan**  13:19 15:9
  22:11 23:6,7,7
  24:25 30:20
**logging**  7:24
**longer**  14:14
  17:1
**look**  7:18 8:9
  19:18 26:20
  30:10 32:19
**looking**  17:5
  19:21 29:17
**looks**  29:19
**lord**  1:22
**lot**  16:18,19
**lower**  24:13,16

**m**

**made**  6:25 14:7
  23:4
**madison**  4:3
**maintain**  15:19
**make**  8:21 9:19
  9:21,25 12:5
  22:18 28:10,22
**man**  32:15
**management**
  13:25
**mark**  4:6 5:7
  8:24 11:10
  16:18 26:21

**marked**  6:22
  6:24
**matter**  1:5 5:2
  8:2
**matters**  6:21
**mean**  9:6 10:18
  17:7 20:7,8,16
  21:9 26:17
  29:12
**means**  17:9,23
**meets**  14:9
  17:22
**memory**  16:8
**mentioned**
  25:1
**met**  12:5 18:18
  18:19
**michael**  27:20
  28:10,22
**middle**  28:8
**million**  15:12
  15:14 16:3
**mineola**  33:23
**minimum**
  17:21
**minute**  7:18
  15:1,2 27:7,16
  29:22
**misunderstood**
  6:19
**modify**  20:13
  20:16
**moment**  27:8
**money**  15:9
  16:1 27:15
  30:23

**moneys**  13:15
  15:22
**months**  32:17
  32:17,17
**moot**  16:12
  25:3
**mooted**  13:5
**morning**  12:1
  28:1
**mortgage**  6:24
  7:5 12:16,19
  12:20 13:6
  19:8 21:18
**motion**  2:5,10
  6:23 9:20,21
  11:1
**move**  7:7 9:25
  11:1 30:5
**moved**  9:22
  27:2 29:23
  30:1
**mute**  8:15,21

**n**

**n**  3:1 5:1 33:1
**name**  9:3 16:17
**nancy**  1:22
**nash**  3:8 6:13
  7:21,24,24 8:4
  8:17 9:7,7,17
  9:24,24 10:4
  11:3,13,17,17
  12:15,18 13:4
  13:4,8 14:17
  14:20 15:5,11
  15:21,25 16:3
  16:7 17:11,14
  17:14,19 18:1

18:6,6,14 19:4
19:16,17,20
20:2,9 21:11
22:5,7,14,25
23:2,12 24:18
24:22 25:1,5
26:4 28:16,16
29:6,11 32:12
32:22
**need**  7:17,18
  8:25 9:8 16:1
  28:18 30:10
**needed**  22:2
**needs**  8:21
  15:18 27:13
**new**  1:2 3:6,21
  4:4 13:16 24:6
  24:15 25:12
**newport**  3:14
**news**  11:20
**non**  20:7,15,25
**normally**  9:6,8
  25:2
**note**  14:10 19:8
**notice**  12:11,14
  24:4
**number**  12:13
  18:6,7,11
**ny**  1:14 3:6,14
  3:21 4:4 33:23

**o**

**o**  1:21 5:1 33:1
**object**  10:25
**objected**  14:10
  14:11
**objecting**
  16:17

| | | | |
|---|---|---|---|
| **objection** 7:13 | **order** 7:2 | **pay** 31:1,5,8 | 20:4,12,15,16 |
| 11:6 14:12 | 14:21 17:6,9 | **payment** 12:11 | 20:21,23,23 |
| 26:9,14 | 17:17,20 18:3 | 12:14 14:4 | 22:15 25:11 |
| **objections** 11:8 | 18:11,24,24 | 30:20 31:21 | 26:7,8,8,9 |
| 11:9 | 20:13,15,17,20 | **payments** | **plaza** 1:13 |
| **obligation** 6:5 | 20:21,22 24:3 | 13:17,23 | **please** 5:4 27:9 |
| **obligations** | 24:14,19 | **payoff** 27:13 | 29:21 |
| 18:21 | **ordering** 28:5 | 30:16 31:25,25 | **plus** 16:3 |
| **obtain** 7:3 | **original** 28:20 | 32:1,3 | **pm** 32:24 |
| **obviously** | **outside** 25:11 | **pending** 20:5 | **point** 23:24 |
| 11:20 14:23 | **overpaid** 23:20 | 22:4,22,23,25 | 24:20,22 |
| **occurred** 12:16 | **overseas** 26:22 | 22:25 23:8 | **poison** 17:2 |
| 12:22,23 13:2 | **owed** 15:9 | 25:18 | **policy** 29:8 |
| **oh** 5:25 6:16 | 30:14 32:5 | **people** 30:11 | **portion** 24:18 |
| 8:9 15:23 30:3 | **own** 23:9,10 | **performed** | **possession** |
| **okay** 7:11,13 | | 27:15 | 26:12 |
| 7:14 8:20 9:5 | **p** | **period** 30:18 | **possibility** 17:3 |
| 9:16,18 10:24 | **p** 3:1,1 5:1 | **personal** 13:15 | 20:23 27:6 |
| 10:25 11:6,8,8 | **p.m.** 1:17 | 14:7 | **possible** 22:14 |
| 13:7 14:20 | **paid** 5:21 6:9 | **personally** | **post** 13:25 |
| 15:1,6,15 16:6 | 7:2 14:8,13 | 23:3 | 21:14,16,22 |
| 16:9,10,11 | 15:3 16:11 | **phone** 8:25 | 22:7 23:9 |
| 17:17 18:14,24 | 18:20 19:7,14 | 29:25 30:8,9 | **predicated** |
| 18:25 19:4,6,8 | 19:14,25 20:17 | **piece** 14:14 | 11:21 |
| 19:13,18 20:11 | 25:10 27:12 | **pills** 17:2 | **prepared** 12:3 |
| 23:11 24:1 | 29:2 30:21,23 | **place** 7:5 | **presentation** |
| 25:14 26:6 | 30:23,24 31:1 | **places** 16:19 | 14:19 15:4 |
| 28:15 29:5 | 31:2,4,15 32:1 | **plan** 7:12,14 | **presently** |
| 30:7,9 32:8 | 32:5 | 11:21 13:11,20 | 16:24 |
| **old** 33:21 | **paperwork** | 13:22 14:1,4 | **preservation** |
| **once** 19:6,22 | 12:8 | 14:22,23 16:12 | 21:13 22:19 |
| 26:1 | **paragraph** | 16:16,18,22,24 | **presumably** |
| **ongoing** 21:5 | 21:12 | 16:25 17:3,4,6 | 21:5 |
| **open** 16:14 | **park** 3:5 | 17:8,11,21,21 | **prevent** 21:1 |
| 20:23 30:6 | **part** 15:21 25:3 | 17:23 18:3,5,8 | **principal** 5:12 |
| **option** 17:15 | **parties** 20:4 | 18:12,17,19 | 7:3 17:24 |
| 18:6,7,8,11 | **party** 21:6 | 19:20,23,24 | 18:21 21:8 |

**principal's** 21:8

**prior** 24:3

**probably** 14:10

**problem** 13:1,1 19:10,11 26:25 28:25,25

**proceeding** 30:15 31:20

**proceedings** 32:23 33:4

**process** 28:3,8

**professional** 13:12

**professionals** 13:23

**proffer** 9:20,25 10:25

**proof** 30:20 31:21

**property** 2:6 6:23 7:1,4 17:25 18:21 21:19 22:16 31:9,12

**protections** 24:4,15

**provides** 14:4

**provision** 24:5

**provisions** 16:12

**purposes** 22:15

**pursuant** 18:23

**put** 8:2 26:2

**putting** 12:24 27:6

**q**

**question** 12:15 12:19 28:14,24

**quick** 8:8 12:15

**r**

**r** 1:21 3:1 5:1 16:20 33:1

**raised** 25:2,7

**rather** 19:2

**reaching** 7:19

**read** 5:25 18:5

**ready** 6:4,16

**real** 6:22 13:17 27:19 29:1,12

**really** 8:9

**reason** 6:25 24:23

**reasonableness** 13:24

**recall** 12:6 27:25

**received** 27:11

**recess** 8:12

**reciprocal** 14:24

**record** 6:7,8,10 6:25 8:23 12:12 28:6 32:9 33:4

**recorded** 27:17 28:14

**recording** 14:14

**redefining** 18:16

**refer** 7:25

**referee's** 23:18

**reference** 30:14

**referenced** 12:12 13:15

**referring** 21:12

**refinance** 17:24 18:20

**refinanced** 5:21 7:1

**refinancing** 6:9 11:22,23 11:25 12:3,14 13:10 14:6 15:7,22 16:4 17:16 18:8,12

**reflect** 8:23

**regarding** 23:5

**reinstate** 6:23 7:6

**reinstatement** 2:11 17:15

**relating** 16:12 16:20 21:14,17 22:8

**remain** 21:18

**remote** 10:15

**reorganized** 21:20 22:16 25:21

**report** 6:5 23:19

**represent** 9:12

**request** 30:19

**required** 24:3 24:5,14

**requirement** 17:22 18:18

**requirements** 11:15 18:18 24:7

**reregistering** 7:25

**res** 25:2

**reservation** 14:12,15,23,24 14:25 16:14,16 16:19

**reserved** 20:6 21:1

**reserving** 25:23,23

**residential** 12:19 23:6

**resolved** 32:16

**respect** 11:14 20:5 29:1 31:4

**returnable** 6:21 7:11

**returns** 11:9

**revest** 25:22

**revests** 25:20 25:20,22

**reviewed** 11:19 27:23

**right** 5:17 7:18 8:10,19 9:3,16 9:18,18 10:12 10:17 11:8 16:9,9,10

17:12 18:1,4,6
19:21 20:1
21:10,11 25:16
27:3,5 29:11
29:13 30:5,12
**rights** 14:15,23
16:14,16 17:5
20:5,13 21:1,2
21:13,16 25:7
25:12,23,23,24
**rising** 21:17
**risky** 12:7
**rita** 2:25 33:3,8
**road** 33:21
**role** 25:11
**rule** 26:9,13,13
**rulings** 23:4
**run** 21:24

**s**

**s** 3:1,23 5:1
**safety** 10:11
**sailed** 30:22
**sale** 2:5 7:5
17:13,15 31:10
**sales** 6:22
**satisfaction**
12:4 14:14
19:7 27:12,17
27:22 29:10
31:14,16 32:2
**satisfied** 11:25
14:13 19:23
**saying** 6:2 20:4
21:10,11 22:15
31:23,24,25
**says** 8:17 10:12
17:11 19:1

21:15,21
**screen** 7:14
**second** 6:12
7:12 8:3,10,22
26:2 29:23
**secured** 15:3
16:11
**see** 8:5,7,8 9:8
10:7,11 11:7
12:25 15:1
29:18 30:3
**seems** 17:20
**sell** 2:5
**sent** 7:22 14:13
30:16
**sentence** 18:2
20:8
**seven** 16:23
**ship** 30:22
**showing** 5:23
**side** 27:19
**signature** 33:6
**signed** 13:16
**simple** 18:2
19:5 25:19
**simply** 24:4
**slot** 29:25 30:6
**solutions** 33:20
**somebody** 5:17
7:19
**soonest** 26:17
**sorry** 6:12,13
6:19 9:2 10:2
18:7
**speak** 18:8
**speaking** 23:16
24:1

**specific** 24:5
**stand** 10:7
**standard** 13:24
**star** 8:16,24
**start** 9:23 12:7
**starting** 9:23
**state** 9:3 24:10
24:15 30:15
**statement**
25:19 30:16
**statements**
16:19 27:13
**states** 1:1,12
5:10 7:9
**stating** 31:4,19
31:22,22
**status** 2:3 5:18
6:11,20 7:6,6
23:6
**ste** 3:20
**sticks** 23:19
**story** 18:5
**straight** 12:3
**street** 3:13,20
**stuff** 27:2
**subject** 13:24
19:13,14,16
21:18
**submit** 30:19
**submitted**
11:18
**successful**
11:23
**successfully**
5:21
**suggested**
14:18

**suite** 33:22
**support** 6:3
26:12
**supreme** 23:5
**sure** 12:5 28:10
28:21,22
**sussman** 3:23
5:9,9 7:8,9,16
7:20 8:24 9:14
**sussman's** 7:6
**switch** 20:10

**t**

**t** 33:1,1
**table** 16:4
**take** 7:18 11:14
16:4 25:5
26:20 28:4
**takes** 28:9
**talked** 12:1
13:19
**talking** 21:3
22:10,12 24:9
28:20
**taxes** 29:1
**ted** 2:7,11 3:9
5:5,20 7:22
8:13,23 23:14
23:17
**tell** 21:6 28:10
28:12,22
**telling** 10:16
28:15
**terms** 14:21
**testimony** 9:21
**texted** 7:21
**thank** 7:9 9:2
32:22

| | | | |
|---|---|---|---|
| **theory** 22:8 | **transactional** | **unison** 9:17 | **want** 6:7 8:2,5 |
| **thing** 14:18 | 27:22 28:3,21 | **united** 1:1,12 | 8:7 15:6 18:15 |
| 29:20 32:2 | **transcribed** | 5:10 7:9 | 18:23 20:19,20 |
| **things** 17:16 | 2:25 | **unknown** 1:25 | 21:9 24:24 |
| 22:1 28:4 | **transcript** 33:4 | **unmute** 8:25 | 25:9,13,14,15 |
| **think** 8:10 | **trap** 24:24 | 8:25 | 26:15 30:12 |
| 10:24 14:1,6,8 | **tried** 17:7 | **unsecured** | **wanted** 6:6,7,8 |
| 17:1,19 18:9 | **true** 27:17 33:4 | 13:21 15:18 | 6:10 24:21,23 |
| 21:10,11,25 | **trustee** 3:19 | **unverified** | 27:24 28:17 |
| 22:1 23:2 | 5:10 7:10 | 8:18 | **wants** 28:17 |
| 27:23 28:1,7 | 13:12 14:7 | **use** 17:5 19:2 | **washington** |
| 28:19 30:17 | 18:9 | **used** 18:7 | 1:7 2:8,12 5:3 |
| **thought** 12:25 | **try** 5:15 8:10 | **using** 7:4 17:24 | 8:22 |
| 14:18 15:8 | 10:25 | 18:21 | **way** 6:10 18:12 |
| 28:13 29:18 | **trying** 15:23 | | 19:2,6,25 |
| **three** 17:12 | 20:25 21:9 | **v** | **we've** 8:23 |
| **time** 13:17 | 25:9,10 29:16 | | **week** 7:2 12:16 |
| 16:22 17:10 | 29:23 31:18 | **varick** 3:20 | 14:20 |
| 26:16,18 30:18 | **two** 6:21 22:25 | **various** 12:24 | **weltsch** 2:25 |
| 32:10 | 23:1 27:13 | **veritext** 33:20 | 33:3,8 |
| **title** 12:2,9 | | **vested** 21:19 | **went** 16:4 25:4 |
| 16:5,7 27:13 | **u** | 22:16 | **weprin** 3:3 5:6 |
| 28:7,17,25 | | **view** 23:24 | **whoever's** 9:23 |
| 29:6,7,8 | **u.s.** 1:23 3:18 | 25:17 | **winthrop** 3:11 |
| **today** 6:21 | 3:19 13:12 | **virtue** 17:23 | **wondered** 29:5 |
| 7:11 26:3 | 14:7 18:9 | 18:19 | **words** 18:13,15 |
| **together** 21:16 | **u.s.c** 2:7 | **voices** 30:12 | 19:2 |
| **toggle** 11:21 | **unanimously** | **voted** 5:23 | **work** 21:23 |
| 17:12,16 18:11 | 14:2 | 13:20 14:3 | 25:16 28:21 |
| 19:2 | **under** 2:6 11:5 | **voting** 14:3 | **working** 29:14 |
| **token** 17:5 | 20:14 24:6 | **vouch** 9:14 | |
| **told** 29:4 | 25:12 | **vouching** 9:5 | **x** |
| **took** 7:5 | **understand** | | |
| **total** 13:13 | 9:9 13:18 | **w** | **x** 1:4,10 |
| 15:12,14 | 16:10 19:10,11 | | |
| **towards** 13:10 | 31:2 | **wait** 10:11 | **y** |
| | **understood** | 27:16 29:18,22 | |
| | 27:16 32:2 | **waiting** 6:14 | **yeah** 9:11 |
| | | 8:6 28:14 | 10:22 23:21,25 |
| | | | 27:1,7 31:11 |

**years**   16:23
**york**   1:2 3:6,21
4:4 13:17 24:6
24:15 25:12