UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re                                                                            Chapter 11

Etienne Estates at Washington, LLC,                    Case no.  24-43203

                      Debtor.

----------------------------------------------------------x

### REPLY TO JOINDER OF JOHANNA FRANCIS [ECF NO. 218]

JJAM Capital LLC ("JJAM" or "Lender"), by its attorneys Backenroth Frankel &
Krinsky, LLP, respectfully submits this reply in further opposition to the Motion to Compel (the
"Motion") and in response to the joinder filed by Johanna Francis ("Francis") on April 15, 2026
[ECF No. 218]. The Francis joinder does not alter the analysis or outcome. It is a *pro se* filing by
an individual who lacks standing to seek the requested relief and who again attempts to use this
Court to relitigate a decade of matters that have already been adjudicated.

### UNDISPUTED FACTS

1.     JJAM's claim was paid in full through a Court-approved transaction on
April 29, 2025.

2.     Satisfactions of mortgage were recorded.

3.     The refinancing closed and title insurance issued without exception.

4.     The original loan instruments are held in escrow pursuant to this Court's
direction.

5.     A judgment of foreclosure and sale was entered in Kings County, and that
judgment is currently on appeal before the Appellate Division, Second Department.

## ARGUMENT

**(a)    FRANCIS LACKS STANDING TO SEEK RELIEF ON BEHALF OF THE DEBTOR**

6.      An LLC may not appear pro se in federal court. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (artificial entities may not appear in federal court without counsel); see also *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). Because the Debtor's counsel has been terminated [ECF No. 201], the Debtor is unrepresented and cannot prosecute any motion. It also cannot join in any motion.

7.      Francis attempts to evade this rule by styling herself a "party in interest" under 11 U.S.C. § 1109(b). But § 1109(b) affords a right to be heard. It does not confer standing to seek affirmative relief on behalf of a corporate debtor. The relief Francis seeks belongs, if at all, to the Debtor. It includes turnover of loan documents and purported correction of satisfactions. As an individual, she cannot assert the Debtor's rights.

**(b) THERE IS NO REMAINING BANKRUPTCY PURPOSE THAT SUPPORTS THE EXERCISE OF THIS COURT'S JURISDICTION**

8.      Title insurance was obtained at closing of the refinancing with no exceptions.  The Motion does not affect creditor distributions or the implementation of the plan. Indeed, based on the dismissal motion, the plan is now a moot point.

9.      The Motion therefore concerns only (1) alleged defects in the recorded satisfactions and (2) turnover of the original loan instruments.  At most, these are post-payoff state-law disputes that belong, if anywhere, in New York state court. This Court may and should

2

decline to exercise jurisdiction. See 28 U.S.C. § 1334(c)(1) (permissive abstention); *In re Cody, Inc.*, 338 F.3d 89, 97-98 (2d Cir. 2003).

10. Even if a confirmation order were entered, post-confirmation bankruptcy jurisdiction would still be limited. It extends only to matters with a close nexus to the plan or the bankruptcy proceeding. *Penthouse Media Grp. v. Guccione (In re General Media, Inc.)*, 335 B.R. 66, 73-74 (Bankr. S.D.N.Y. 2005). Where, as here, a dispute no longer affects creditor distributions under the plan, or plan implementation, jurisdiction is lacking (or should be declined). See *In re Chateaugay Corp.*, 213 B.R. 633, 640 (S.D.N.Y. 1997).

### (c) THE COURT SHOULD DECLINE TO INTERFERE WITH PENDING STATE COURT APPELLATE PROCEEDINGS

11. Federal courts apply principles of comity and abstention to avoid interference with ongoing state proceedings, particularly where the issues arise under state law. See *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716-17 (1996). Those principles apply with full force here.

12. A judgment of foreclosure and sale has been entered in Kings County Supreme Court, and Francis and the Debtor have appealed. Among other issues, the appeals place at issue the characterization of the loan (commercial versus consumer) and enforceability of the underlying instruments. Ordering turnover of the original instruments to Francis would place evidence necessary to the Lender's prosecution of its claims in the custody of an adverse party. In the unlikely event of a reversal of the judgment of foreclosure and sale, the Lender asserts that it would be prejudiced in any further Supreme Court evidentiary hearings.

3

13.     Since it has jurisdiction over the foreclosure and the appeal, the Supreme Court should rule on such evidentiary issues pending final determination.

### (d) RPAPL § 1921(4) DOES NOT MANDATE UNCONDITIONAL TURNOVER UNDER THESE CIRCUMSTANCES

14.     Even if this Court accepts jurisdiction the text of § 1921(4) does not apply to commercial loans.

15.     Francis argues that the loan originated by First Central Savings Bank was a residential consumer loan and that RPAPL § 1921(4) therefore compels unconditional delivery of the original instruments. JJAM has addressed the loan-characterization issue in prior submissions, and incorporates those arguments by reference.

16.     The Bankruptcy Court conducted a multi-day evidentiary hearing and addressed the consumer/commercial distinction in its March 30, 2016 decision.  It found that the circumstances surrounding the loan's execution showed it was intended primarily for commercial purposes. [Case No. 14-40786, ECF No. 165 at 13-14.]. The Supreme Court reached the same conclusion in the subsequent foreclosure action in the first So-Ordered paragraph of the attached order under appeal and in the attached order denying a stay pending appeal.

17.     Francis disagrees and is pursuing her argument in the pending Second Department appeals. But there is no stay.  The finding has not been vacated and remains binding.

18.     Because § 1921(4) does not apply to commercial loans, the delivery obligation Francis invokes is inapplicable here.

4

**(e) EVEN IF § 1921(4) APPLIED, THE STATUTE DOES NOT OVERRIDE COURT-SUPERVISED EVIDENCE PRESERVATION**

19.    Francis contends that § 1921(4) imposes an absolute mandate with no exceptions. But RPAPL § 1921 is merely intended to ensure that satisfied mortgages do not continue to cloud title. Even if § 1921(4) applies, which it does not, the mortgage has been satisfied of record and title is unencumbered. The statute's remedial purpose is therefore fulfilled.

20.    More fundamentally, nothing in § 1921(4) requires a court to order unconditional turnover of documents that are (1) the subject of ongoing litigation, (2) held in court-supervised escrow pursuant to a prior order, and (3) disputed evidence in a pending case. Courts routinely deny or condition turnover of evidence central to ongoing litigation and the same logic applies here.

**(f) COMPELLED TURNOVER COULD CAUSE IRREPARABLE EVIDENTIARY PREJUDICE TO JJAM**

21.    Francis argues that the instruments themselves establish that this was a residential consumer loan. Whatever the merits of that contention, it underscores why unconditional turnover would prejudice JJAM.

22.    As JJAM outlined in earlier pleadings herein, at the 2015 evidentiary hearings, the Debtor and Francis challenged the integrity of the loan documents, asserted that multiple versions of certain instruments existed, and suggested that terms may have been added after execution. Francis has renewed those arguments in the joinder. She therefore cannot now demand that JJAM surrender the original instruments while their authenticity remains a live issue in the Supreme Court.

5

23.     Turnover under these circumstances would place disputed evidence in the custody of an adverse litigant, with attendant risks to chain of custody and document integrity. No court should order that result based on a remedial statute. The statute's purpose is to protect title, and that purpose has already been fully served.

**(g) THE EXISTING ESCROW ARRANGEMENT IS AN APPROPRIATE REMEDY**

24.     This Court has already fashioned an appropriate remedy to address the legitimate concern underlying the Motion: preservation and neutral custody of the original loan instruments. Pursuant to the Court's direction at the March 12, 2026 hearing, the instruments were placed in escrow and an inventory was filed. [ECF No. 202.]

25.     Francis contends that the escrow inventory is incomplete. [ECF No. 205.] To the extent any dispute exists regarding the existence of certain documents, it is not ripe and no basis for unconditional turnover of the documents held in escrow to an adverse party.

26.     In the meantime, this Court's escrow remedy (1) preserves the documents, (2) maintains neutrality between the parties, (3) protects evidentiary integrity for the pending Second Department appeals, and (4) permits inspection under controlled conditions if ordered by this Court or the New York Supreme Court.

## **CONCLUSION**

WHEREFORE, JJAM respectfully requests that the Court deny the Motion and

grant such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            April 30, 2026

                                    **BACKENROTH FRANKEL & KRINSKY, LLP**
                                    Attorneys for JJAM


                            By:     s/Mark A. Frankel
                                    488 Madison Avenue
                                    New York, New York 10022
                                    (212) 593-1100

7

14

## ORDER OF THE HONORABLE LAWRENCE KNIPEL, APPOINTING A REFEREE TO COMPUTE, DATED APRIL 25, 2023, APPEALED FROM, WITH NOTICE OF ENTRY [14 - 19]

FILED: KINGS COUNTY CLERK 05/28/2023 08:30 AM

FILED: KINGS COUNTY CLERK 05/26/2023 04:39 PM

NYSCEF DOC. NO. 200

INDEX NO. 510899/2022
INDEX NO. 510899/2022
RECEIVED NYSCEF: 06/28/2023
RECEIVED NYSCEF: 05/26/2023

At an IAS Motion Term, of the Supreme Court of the State of New York, held in and for the County of Kings at the Courthouse thereof, 360 Adams Street, Brooklyn, New York on the 25 day of April 2023.

PRESENT:

HON. LAWRENCE KNIPEL
Justice of the Supreme Court.

------------------------------------------------X

JJAM CAPITAL LLC,

Plaintiff,

Against

ETIENNE ESTATES AT WASHINGTON LLC, JOHANNA FRANCIS, ETIENNE ESTATES DELAWARE a/k/a ETIENNE ESTATES LLC, ETIENNE ESTATES ON GREENE LLC, FRAMP MANAGEMENT COMPANY, LLC, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD and "JOHN DOE #1 through JOHN DOE #12", the last twelve names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest upon the Property described in the Complaint,

Defendants.

------------------------------------------------

index no. 510899/2022

ORDER
APPOINTING A
REFEREE
TO COMPUTE

Foreclosure of
301 Washington Avenue
Brooklyn, New York
Sec. 7 Block 1918 Lot 4

UPON review of plaintiff's Notice of Motion dated February 8, 2023, the Summons and Complaint filed on April 14, 2022, and the Notice of Pendency filed in this action on February 25, 2022, and upon the Affirmation dated February 8, 2023 of Michael R. Bush, member of Einig & Bush LLP, counsel for plaintiff, and the Affidavit of Adam Nagin sworn to on February 8, 2023, and the exhibits annexed thereto in support of the motion, from which it appears that this action was brought to foreclose a mortgage on real property situated in the County of Kings, State of New

1

FILED: KINGS COUNTY CLERK 05/28/2023 08:30 AM
FILED: KINGS COUNTY CLERK 05/26/2023 04:39 PM
NYSCEF DOC. NO. 200

INDEX NO. 510899/2022
INDEX NO. 510899/2022
RECEIVED NYSCEF: 05/28/2023
RECEIVED NYSCEF: 05/26/2023

York, said property known as 301 Washington Avenue, Brooklyn, New York (Block 1918 Lot 4), by reason of certain defaults as alleged in the complaint, and upon the prior Order of this Court dated December 23, 2022 (NYSCEF Doc. No. 105) which fixed the default of Defendants Etienne Estates At Washington LLC, Etienne Estates Delaware a/k/a Etienne Estates LLC, Etienne Estates On Greene LLC, and Framp Management Company, LLC, and upon this Order which fixes the default of Defendant New York City Environmental Control Board and which grants entry of summary judgment striking the Answer (including defenses and counterclaims) of Defendant Johanna Francis, and drops "John Doe #1 through John Doe #12); it appearing that none of the Defendants is an infant, incompetent or absentee, or in the military, and that since the filing of the original Notice of Pendency of this action, the complaint has not been amended in any manner whatsoever except to the extent of dropping certain parties; on the pleadings and papers heretofore filed herein and in opposition, and

NOW, on the motion of Einig & Bush LLP, attorneys of record for the Plaintiff it is

ORDERED, that this action does not concern a "home loan" and is not eligible for a settlement conference under CPLR 3408, and it is further

ORDERED, the motion by plaintiff for summary judgment striking the answer (and all defenses and counterclaims) of Defendant Johanna Francis, is granted, and it is further

ORDERED, the motion by plaintiff fixing the default of Defendant New York City Environmental Control Board is granted, and it is further

2

16

FILED: KINGS COUNTY CLERK 05/28/2023 09:30 AM
FILED: KINGS COUNTY CLERK 05/26/2023 04:39 PM
NYSCEF DOC. NO. 200

INDEX NO. 510899/2022
INDEX NO. 510899/2022
RECEIVED NYSCEF: 05/26/2023
RECEIVED NYSCEF: 05/26/2023

ORDERED that the caption in this action is amended and shall be as follows:

JJAM CAPITAL LLC,

Plaintiff,

-against-

ETIENNE ESTATES AT WASHINGTON LLC, JOHANNA FRANCIS, ETIENNE ESTATES DELAWARE a/k/a ETIENNE ESTATES LLC, ETIENNE ESTATES ON GREENE LLC, FRAMP MANAGEMENT COMPANY, LLC, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD,

Defendants.

and it is further

ORDERED, that the motion by Plaintiff to appoint a Referee pursuant to RPAPL 1321 is granted, and it is further

ORDERED, that this action be and the same hereby is referred to Domenick Napoletano, having an office at 351 Court Street Bklyn NY telephone number 718 522 1377 as Referee, to ascertain and compute the amount due to the plaintiff for principal and interest, and other disbursements advanced as provided for by statute and in the Note and Mortgage upon which this action was brought, to examine, by testimony, or in lieu of thereof to do so on documentary evidence and affidavits, and report whether or not the mortgaged premises should be sold in parcels, and that the Referee make his/her report no later than sixty (60) days of the date of this order and that, except for good cause shown, the Plaintiff shall move for judgment no later than sixty (60) days of the date of the Referee's report; and it is further

ORDERED, that upon the submission of the Referee's Report, Plaintiff shall pay $250.00 to the Referee, as compensation for his/her services, which sum may be recouped as a cost of

3

17

FILED: KINGS COUNTY CLERK 05/28/2023 08:30 AM
FILED: KINGS COUNTY CLERK 05/26/2023 04:39 PM
NYSCEF DOC. NO. 200

INDEX NO. 510899/2022
INDEX NO. 510899/2022
RECEIVED NYSCEF: 05/28/2023
RECEIVED NYSCEF: 05/26/2023

litigation.

ORDERED, that the Referee appointed herein is subject to the requirements of Rule 36.2(e) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

ORDERED, that by accepting this appointment the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCCR Part 36), including but not to, section 36.2(e), ("Disqualifications from appointment"), and section 36.2(d)("Limitations on appointments based upon compensation"), and it is further

ORDERED, that a copy of this Order with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice within twenty (20) days of entry and no less than thirty (30) days prior to any hearing before the Referee. The Referee shall not proceed to take evidence as provided herein without proof of such service, which proof must accompany, any application for Final Judgment of Foreclosure and Sale

ENTER:

HON. LAWRENCE KNIPEL
ADMINISTRATIVE JUDGE

4

18

FILED: KINGS COUNTY CLERK 05/29/2023 09:30 AM
NYSCEF DOC. NO. 208

INDEX NO. 510899/2022
RECEIVED NYSCEF: 05/29/2023

CORRECTED AFFIRMATION OF SERVICE

The undersigned, an attorney duly admitted to practice before the Courts of the State of New York, affirms under penalty of perjury:

That on May 29, 2023, he served a true copy of the Notice of Entry and Order of Reference by:

Goldberg Weprin Finkel Goldstein LLP (By: e-file)
Attorneys for Defendants Etienne Estates at Washington LLC,
Etienne Estates Delaware a/k/a Etienne Estates LLC, Etienne
Estates on Greene LLC,
and Framp Management Company LLC
1501 Broadway 22nd Floor
New York, NY 10036
(212) 221-5700

Alexander Knipenberg, Esq. (By e-file)
Brooklyn Legal Services Corporation
Attorneys for Defendant Johanna Francis
260 Broadway, 2nd Floor
Brooklyn, NY 11211
(718) 487-2343

New York City Department of Finance (by efile)
(Environmental Control Board)
Office of Legal Affairs
375 Pearl Street - 30th Floor
New York, NY 10038

And
Domeneck Napoletano, Referee (By US-mail)
351 Court Street
Brooklyn, NY 11231
718 322-1377

by United States Mail in a by deposit in an official depository

Dated: May 29, 2023

_____
Michael R. Bush

19

FILED: KINGS COUNTY CLERK 05/29/2023 08:30 AM

NYSCEF DOC. NO. 208

INDEX NO. 510899/2022

RECEIVED NYSCEF: 05/29/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------------

JJAM CAPITAL LLC,

Plaintiff,

against

ETIENNE ESTATES AT WASHINGTON LLC, JOHANNA
FRANCIS a/k/a JOHANNA ML FRANCIS, FRANCIS C.
STEFFIAN, ETIENNE ESTATES DELAWARE a/k/a
ETIENNE ESTATES LLC, ETIENNE ESTATES ON
GREENE LLC, FRAMP MANAGEMENT COMPANY
LLC, NEW YORK CITY ENVIRONMENTAL CONTROL

Defendants

-----------------------------------------------------------------------

Index #:
510899/2022
Motion # 6

NOTICE OF
ENTRY

That the within is a true copy of an Order/Judgement entered in the Office of the Clerk of the
within named Court on May 26, 2023

Dated: New York, New York
        May 29, 2023

**EINIG & BUSH LLP**

By: _____
Michael R. Bush, Esq.
Attorneys for Plaintiff
JJAM CAPITAL LLC
420 Lexington Ave. Suite 2320
New York, New York 10170
(212) 983-8866 ext 114

To:
Goldberg Weprin Finkel Goldstein LLP (By: e-file)
Attorneys for Defendants Etienne Estates at Washington LLC,
Etienne Estates Delaware a/k/a Etienne Estates LLC, Etienne Estates on Greene LLC,
and Framp Management Company LLC
1501 Broadway 22nd Floor
New York, NY 10036
(212) 221-5700

1

At an I.A.S. Trial Term, Part ___ of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 25 day of April 2023

P R E S E N T :

Hon. _Knipel_

Justice

_____

JJAM

Plaintiff(s)

- against-

Etienne et al.

Defendant(s)

Cal. No.

Index No.

510899/22

The following papers numbered 1 to ___ read on this motion    Papers Numbered

Notice of Motion - Order to Show Cause and Affidavits (Affirmations) Annexed ____ MS6 (SJ)

Answering Affidavit (Affirmation) ____

Reply Affidavit (Affirmation) ____ MS7 (Rearg)

_____ Affidavit (Affirmation) ____ MS8 (cross)

Pleadings- Exhibits ____

Stipulations - Minutes ____

Filed Papers ____

Movant erroneously argues that Bankruptcy Court mandated settlement conferences and that Secretary of State service is ineffective until actually received.

Both the Dept. of Buildings website and the actual current certificate of occupancy establish this to be a 7 apartment building. Defendant's reliance on secondary, conclusary documents from Dept. of Finance is misplaced.

Also, it is noted that building has been held in Corporate/LLC name prior to obtaining the mortgage and even prior to defendant obtaining her interest in the LLC.

Accordingly, reargument denied (MS 7), summary judgment granted (MS 6), and cross for summary judgment/dismissal denied (MS 8)

For Clerks use only

MG X MS#6 Court will endorse long form order submitted

MD X MS#7&6

Motion Seq. #

6, 7 & 8

E N T E R

_____
J.S.C.
HON. LAWRENCE KNIPEL
ADMINISTRATIVE JUDGE

EJV-rev 1-23

1 of 1