UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
Case No. 24-43203 (ESS)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In the Matter of:

ETIENNE ESTATES AT WASHINGTON LLC,

Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

United States Bankruptcy Court
271-C Cadman Plaza East
Brooklyn, NY 11201-1800

June 29, 2026
12:17 PM

B E F O R E :
HON ELIZABETH S. STONG
U.S. BANKRUPTCY JUDGE

ECRO: UNKNOWN

HEARING re [241] Conference on Objections to the Entry of an Order Dismissing This Case(RE: Related document(s)175 Motion to Dismiss Case filed by Debtor Etienne Estates at Washington LLC, 230 Notice of Settlement of Proposed Order filed by Debtor Etienne Estates at Washington LLC, 232 Objection filed by Creditor JJAM Capital LLC, 233 Objection filed by Interested Party Johanna Francis, 240 Motion to Dismiss Case filed by Interested Party Johanna Francis)

HEARING re [244] Motion for Authority to Obtain Credit Under Section 364(b), Rule 4001(c) or (d) Filed by J Ted Donovan on behalf of Etienne Estates at Washington LLC.

Transcribed by: Sonya Ledanski Hyde

A P P E A R A N C E S :

GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
Attorney for Debtor
1350 Broadway, 11th Floor
New York, NY 10018

BY: J. TED DONOVAN

BACKENROTH FRANKEL & KRINSKY LLP
Attorney for JJAM
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036

BY: MARK A. FRANKEL

ALSO PRESENT:
JOHANNA FRANCIS, Interested Party

P R O C E E D I N G S

CLERK: Good afternoon, parties. This is Judge Stong's calendar for Monday, June 29, 2026. Please state your names before speaking, and please note that recordings of court proceedings are not permitted. Starting with Matter Numbers 1 and 2 on the calendar, Case Number 24-43203, Etienne Estates at Washington LLC. Appearances by Mark Frankel and Johanna Francis.

THE COURT: All right. Thank you. May I -- excuse me for one moment. All right. Thank you. Good afternoon again, everyone. It's good to see you, and just making sure that we are appropriately making a record.

Let's get your appearances on the record, please. We'll begin with counsel for the Debtor, Mr. Donovan.

MR. DONOVAN: Your Honor, Ted Donovan, Goldberg Weprin Finkel Goldstein, for the Debtor. With me is Johanna Francis, principal of the Debtor.

THE COURT: I thank you, and good afternoon, Ms. Francis. Could you state your name for the record?

MS. FRANCIS: Johanna Francis. I'm the manager of the Debtor, and I'm also appearing as party in interest in my personal capacity.

THE COURT: All right. Thank you, and Mr. Frankel?

MR. FRANKEL: Mark Frankel, JJAM Capital LLC.

THE COURT: All right. Well, thank you all. It's good to see you. I am grateful for your appearances. And as I was preparing for today, I guess the question I had top of mind was, are we done? What is left to do? It seems like we may be close.

Mr. Donovan, for the Debtor, may I ask you to bring me up to date? Just to set the stage a bit, the case has been -- a motion to dismiss the case has been granted. We scheduled this conference on the objection to the entry of the order of dismissal. There have been some questions about payments. I see there's been some record made since the last hearing about that. I'm aware of the appeals that are pending as well in the district court. But Mr. Donovan, what can we do today to help move this matter forward? Over to you.

MR. DONOVAN: Your Honor, Ted Donovan for the Debtor. Your Honor, when we were last here, we worked out an agreement on how to proceed with the Debtor's motion to compel, which basically said we would dismiss the bankruptcy case and the Debtor would proceed elsewhere with respect to its attempts to have certain documents turned over to the Debtor and obtain a proper satisfaction of judgment. That settlement subsequently was terminated without ever being implemented, and at this stage, there's essentially three paths open.

The Debtor needs to refinance its property. It's now in a maturity default and is incurring substantial obligations. There was a prior motion made by Ms. Francis to refinance, which Your Honor denied on the basis that it was made by Ms. Francis and not the Debtor.

So in order to move things forward and preserve all rights, I've refiled that motion returnable today. There are, in this case, no prepetition creditors remaining. The only unpaid debt is the one that's owed to my firm, which is on appeal. And also the funds available to pay my client are essentially tied up in the refinancing. If there's a refinancing, my understanding is that that may free up some funds. Whether Ms. Francis chooses to pay it or proceed with the appeal is up to her. But I understand that the refinancing is at least a first step towards getting my firm paid.

The issue remains, what's to become of the motion to compel? If Your Honor simply dismisses the case, then the Debtor can proceed in state court with a motion to compel, but has to start all over again with what's already before this Court. And Your Honor already has papers on it and already had a preliminary hearing on it.

So what Ms. Francis was seeking was to dismiss the case so that the refinancing could go forward outside of bankruptcy, with the Court retaining jurisdiction for a

short period of time in order to address the motion to compel.

THE COURT: Is that motion on the calendar today? I don't think so.

MR. DONOVAN: Well, Your Honor, it was never resolved. It was on Your Honor's calendar the last time. But because of the dismissal, that was going to take care of it. But since we have it -- and it was going to be subject to the settlement, and the settlement has not been effectuated.

THE COURT: I think that motion was marked off, is that right, on consent?

MR. DONOVAN: On the basis of there being a settlement which then did not come into fruition after it was agreed to, but before it was papered over.

THE COURT: But it would need to be restored to the calendar if it's no longer on the Court's calendar.

MR. DONOVAN: Right. I would --

THE COURT: It's been marked off, and that was so ordered, I believe.

MR. DONOVAN: I would not have expected it to be argued today, Your Honor.

THE COURT: No. No, no. Well, it's --

MR. DONOVAN: So, yes. So, Your Honor, again, the way to proceed here is either to cancel the motion to

withdraw -- the motion to dismiss and keep the case open, approve the jurisdiction, and schedule the motion to compel for hearing. The next option is to dismiss the case provisionally and keep the motion to compel and put it back on the --

THE COURT: The motion to compel is no longer part of the case. It was marked off.

MR. DONOVAN: It is part of the case, Your Honor, because it was subject to a settlement which hasn't been finalized.

THE COURT: What is the current --

MR. DONOVAN: Your Honor never entered an order approving a settlement.

THE COURT: Mr. Donovan, what is the current status of that motion? Can you point me in the docket to where I can find it so that as a matter of case management, I can be sure I know what the status is?

MR. DONOVAN: I believe --

THE COURT: I may be misinformed --

MR. DONOVAN: No. I believe Your Honor --

THE COURT: -- but I did my best to prepare and have a sense of what is pending in the case and my assessment of the record, and please correct me if I am wrong, is that that motion is no longer pending. The problem may be pending. But that's different than the

motion pending.

MR. DONOVAN: Your Honor marked the motion off as settled, subject to an order being entered.

THE COURT: I don't think there was a subject to. But let's find it on the docket and see.

MR. DONOVAN: Your Honor, the subject to is the dismissal. The dismissal was predicated on the motion being resolved through an escrow being set up.

THE COURT: Mr. Donovan, where in the docket is that motion? Do you know, or shall I take a moment to find it?

MR. DONOVAN: One second.

THE COURT: If you could help me with that would be very -- that would be useful. This is not a -- it may be a technical question, but it is not an unimportant technical question.

MR. DONOVAN: Your Honor, the motion to compel was, I believe, 129.

THE COURT: All right, and where is it? What is the status of that motion presently? I thought it was marked off and so ordered. I could be wrong.

MR. DONOVAN: Settled as reflected. Submit stipulation to be so ordered. And no stipulation has ever been submitted --

THE COURT: Well, based on that, it's not on the

Court --

MR. DONOVAN: -- because after the parties left the Court, the settlement fell through.

THE COURT: If the parties seek the Court's attention to that motion, it would need to be restored to the calendar.

MR. DONOVAN: I agree, Your Honor. The question is, how do we proceed? Do we dismiss the case today, or do we keep the case open and at which point we will restore to the calendar or do we dismiss the case and keep limited jurisdiction to resolve that motion, at which point we would then move to put it back in the calendar?

THE COURT: I think it seems that there is no reorganization purpose to be served by this case at this point. Chapter 11 is no longer a path. You don't seek that. You're not trying to confirm a plan. Isn't that correct? And for the sake of a complete record for whoever's reading this transcript someday, I don't believe this was my case until quite recently; is that correct?

MR. DONOVAN: That's correct, Your Honor.

THE COURT: There's an enormous amount of history and a certain number of loose ends that I am not -- during which time period I was not the presiding judge. So I'm doing my best to catch up.

MR. DONOVAN: Understood, Your Honor. When we

were here last time and discussed the motion to compel at length, Your Honor indicated among other things, that you were -- while you were hopeful we would be able to settle it, that you understood that the Debtor has made the motion based on a sale that was approved in this Court. Not a sale, a payoff of the judgment that was approved in this Court and was performed pursuant to an order of this Court, which we were -- have alleged was not properly closed because they didn't provide all the things they were supposed to provide at the closing.

And Your Honor indicated at least some sympathy, although you didn't decide anything one way or the other -- let me be very clear about that -- with the concept that that could be decided in this Court, rather than require the Debtor to go off to another court and start all over again on that.

THE COURT: Well --

MR. DONOVAN: We had a settlement that would close the case and resolve it. The settlement does not come to fruition, and so we now need to figure out how to proceed. Do we proceed in this Court, or do we go to another court and proceed there?

THE COURT: Well, it doesn't seem like there's a Chapter 11 purpose to be served here. That's what I'm struggling with. I don't know that quarterly fees and

monthly operating reports and all those things make any sense, and I certainly don't see a path to a reorganization plan here. If there is a useful purpose to be served in a Chapter 11 context, that's one thing. But this is a Chapter 11 case.

MR. DONOVAN: I understand that, Your Honor. But although we're dealing with state law issues, what we're effectively doing is seeking to enforce an order of this Court, the refinancing and the payment of and satisfaction of the judgment obtained by JJAM against the Debtor. And we're saying that that was not properly effectuated. And so we believe that this Court has the jurisdiction and indeed has at least some measure of interest in resolving issues arising out of an order of the Court. However it is --

THE COURT: And would this -- and what order is that, to be specific?

MR. DONOVAN: The order approving the refinancing that was had a year ago and directing that JJAM be paid.

THE COURT: What's the date of that order?

MS. FRANCIS: April 29th.

MR. DONOVAN: April 29th.

THE COURT: Don't laugh. Of what year?

MS. FRANCIS: 2025.

MR. DONOVAN: '25.

THE COURT: So this is why I have no familiarity

with it, because that was not my order or my case.

MR. DONOVAN: Right, other than the limited discussion we had at the last hearing, that's correct, Your Honor.

THE COURT: So there is no comparative advantage because you have a new judge to this Court addressing something with which the Court has no familiarity and a state court addressing it. I mean, the benefit there might be if the judge had not changed seems to me to evaporate. Could you print that? Say again? I'm sorry. I want to have that order in front of me. It'll help me. It's not that I'm trying to be unhelpful. I just -- I have a dismissed case. I have a Chapter 11 case. Nobody is talking about a plan. If I give you a date to file a plan, are you current on monthly operating reports? Are you -- is anything in this case happening in a Chapter 11 way?

MR. DONOVAN: Your Honor, we are current on all of our Chapter 11 obligations. There are no creditors to be paid. There is no point in proceeding with a plan. We tried for over a year to confirm --

THE COURT: There are no creditors to be paid. Why wouldn't it make sense to dismiss the case?

MR. DONOVAN: Again, Your Honor, we were in front of you on this. And frankly, had we not reached a settlement which was then not consummated, I think we would

have, the last time we were here, had Your Honor deciding this rather than dismissing the case based on what happened the last time. But it's entirely up to Your Honor.

THE COURT: So you filed your May monthly operating report?

MR. DONOVAN: Yes, and all U.S. trustee fees have been paid. And Mr. Frankel's -- not Mr. Frankel, Mr. Rubin's client, Northgate was paid.

THE COURT: Seeing that reported in the docket gave me the impression that actually we were done. And I guess we're not quite done. The parties are not done. The case may be, from a Chapter 11 standpoint, done. But you've referred several times to this. Tell me as precisely as possible what you're asking the Court to do.

MR. DONOVAN: We're asking the Court to compel JJAM to produce the documents that --

THE COURT: There is no motion seeking that relief. So you would either need to make that motion or request that it be restored to the calendar --

MR. DONOVAN: (indiscernible)

THE COURT: Please let me finish. You would need -- so you would need to do one of those two things. Make that motion or request that the motion that was taken off the calendar be restored to the calendar; is that right?

MR. DONOVAN: That's correct. Because it was

marked settled, and it was in fact not. No settlement was consummated.

THE COURT: And what happened?

MR. DONOVAN: I'm sorry?

THE COURT: What happened?

MR. DONOVAN: Ms. Francis decided she did not want to proceed with this settlement that was reached in Court.

THE COURT: So it was the Debtor, by the Debtor's principal, that did not -- that walked away from the settlement; is that correct? And now it's the Debtor, having been the one to walk away from the settlement, that is seeking this Court to restore something to the calendar and go down a different path. It's not JJAM that didn't perform. It's the Debtor, Mr. Donovan?

MR. DONOVAN: Well, it's not a question of performing. It's a question of reaching an agreement. And then when the papers get written and you read all the fine print, you realize it wasn't the deal you thought it was. The Debtor is certainly within its rights to have terminated the settlement before it was finalized.

THE COURT: Well, I suppose no one has yet made a motion to enforce the settlement, so that question is not before me.

MR. DONOVAN: That's correct, Your Honor.

THE COURT: That could be another motion that

could be made, I suppose. It seems like an awful lot of discussion of motions that aren't before the Court. I don't want to use your time poorly. You're not asking for the Court to dismiss the case today, it seems; is that correct?

MR. DONOVAN: Your Honor, I'm asking the Court to do one of two things. Either dismiss the case or allow us to proceed with the motion and restore it.

THE COURT: So the Debtor does not oppose --

MR. DONOVAN: I don't want to waste everybody's time by making a motion to restore that Your Honor is not going to grant.

THE COURT: Well, sometimes you have to make a motion to find out how the story ends. And I'm really -- so the Debtor seeks or does not oppose the dismissal of the case; is that correct? I'm doing my best here, and I realize that may not seem very good. If you'd like a moment to confer with your client, you can.

MS. FRANCIS: Your Honor, I'd like to (indiscernible).

THE COURT: I'd like to -- I'd like Mr. Donovan to have a sense of where you're headed, just in fairness to both of you. Let's hear from Mr. Frankel, and then maybe we'll take a short break so you can figure out who needs to tell what to the Court.

Mr. Frankel, let me hear from you.

MR. FRANKEL: Judge, when we were last in Court, we settled the motion by agreeing that the documents that were being held by my co-counsel in escrow pursuant to the Court's interim order would be held by another lawyer. And the lawyer that we had agreed on was a partner at Goldberg Weprin, Andy Elkstein. He subsequently did not want to take on that burden. So he proposed, and we agreed that Royal Abstract, a title company, would hold the order.

THE COURT: Okay. In effect, a neutral title company with no particular allegiance to one side or the other. That's what they do.

MR. FRANKEL: Right, and that was unacceptable to the Debtor. So then we proposed we'll just give you the documents. You wore us down. Take the documents. That wasn't acceptable. I think I know why, and the reason is that the Debtor's big issue, and Ms. Francis's big issue is the appeal of the foreclosure judgment. It's not because they're trying to effectuate the refinance. The appeal of the foreclosure judgment is based upon the argument that consumer protection laws were violated pursuant to an order of Judge Lord and for other reasons. That argument lost in the district court and lost on reconsideration --

THE COURT: In the federal district court?

MR. FRANKEL: No, no. I'm sorry. In the Supreme Court.

THE COURT: In the New York Supreme Court?

MR. FRANKEL: The New York Supreme Court.

MR. DONOVAN: For Brooklyn.

THE COURT: New York Supreme Court, Kings County.

MR. FRANKEL: Right.

THE COURT: All right.

MR. FRANKEL: So now the Debtor wants to litigate whatever it can to implicate consumer protection laws, including the matters that were in the motion that was settled. And that was a change from when we agreed to a deal, put it on the record, subject to a stipulation. We think that those issues belong in Supreme Court, if they belong anywhere. The statute itself refers it to the Supreme Court.

THE COURT: Which statute is this?

MR. FRANKEL: Is this the RPAPL 1921 (indiscernible).

THE COURT: Okay. So a New York state statute?

MR. FRANKEL: Yes.

THE COURT: And this is litigation presently pending?

MR. FRANKEL: No.

THE COURT: The appeal pending?

MR. FRANKEL: The appeal is pending.

THE COURT: Okay.

MR. FRANKEL: And you know, there's no bankruptcy issue here. There's no federal question here. And the fact is that it doesn't really relate to the refinance order because the sats that are on file were approved by the title company. They were insured without exception. The refinancing closed. Title cleared. The reason the Debtor wants it is to insert new language that would again implicate consumer protection rights that the Debtor lost in the foreclosure.

So this whole thing has only peripheral connection to this case. Certainly, as the Court noted, it has nothing to do with the bankruptcy per se, and it was settled. The settlement should be enforced as placed on the record, or the case dismissed, and the Debtor can get another bite at the apple in the Supreme Court.

THE COURT: So the focus of the parties' current dispute is the state law issues pending in the state court appeal. Is that correct, Mr. Frankel?

MR. FRANKEL: They are indirectly relating to the appeal inasmuch as they relate to enforcement of consumer protection statutes. They are directly related to the turnover of documents and the text of the satisfactions that were recorded.

THE COURT: Those documents say what they say.

MR. FRANKEL: Correct.

THE COURT: And they would need to be preserved in a way that gives everyone, no matter who you are or where you're sitting, confidence that the documents will be available when they are needed in their form, in their correct form. I'm still really struggling to understand why that's an issue.

MR. DONOVAN: Your Honor, I'm happy to try to answer that. It's an issue for two reasons. One is it's not just documents. So let's talk about the second issue. They gave us a satisfaction which has errors in it. We have the right under the statute to get a proper satisfaction.

THE COURT: Which statute? RPAPL?

MR. DONOVAN: Yes.

THE COURT: All right. That's a state court issue that can be litigated in New York Supreme.

MR. DONOVAN: Yes. The other issue is that we do not believe that all of the documents that should have been produced are, in fact, in escrow. We think that there are other documents that are still out in the wind somewhere that have not been placed into escrow, and that's a secondary issue.

THE COURT: And that's also a question of what's within the scope of the state law, claims, defenses, all those things.

MR. DONOVAN: Yes, Your Honor. Absolutely.

THE COURT: Okay.

MR. DONOVAN: But procedurally let me just try to be clear about where we are. There is an appeal pending.

THE COURT: There seem to be several appeals pending (indiscernible).

MR. DONOVAN: Well, as far as JJAM is concerned, there are appeals pending both by the Debtor and by Ms. Francis with respect to JJAM.

THE COURT: In the state court.

MR. DONOVAN: In the state court. These documents and the satisfaction may in fact be things that are peripheral, as Mr. Frankel said, they're related to and peripheral to. In order for Ms. Francis to proceed with this relief that she seeks to compel, if this Court declines to take jurisdiction, then she would have to commence a new action in state court to get that, to file that motion. It's not something that's part of the litigation that's already been --

THE COURT: What's the motion?

MR. DONOVAN: The motion to compel the compliance with the closing requirements under the statute, the closing that was done --

THE COURT: The state statute.

MR. DONOVAN: Under state statute, under a closing that was ordered through this Court, which is why we're

here.

THE COURT: But -- well, is there any relief --

MR. DONOVAN: And Your Honor, I have to be --

THE COURT: -- that would be unavailable in state court? I don't hear that in what you're saying.

MR. DONOVAN: No, Your Honor.

THE COURT: It seems that this Court would be injecting itself into pending matters in the state court.

MS. FRANCIS: This Court ordered the satisfaction.

MR. DONOVAN: Your Honor, this Court ordered that the satisfaction of the judgment be done. This is all part of the original resolution of paying JJAM through the refinancing that was done back in April of last year. I, however, have to be fair and advise the Court that when we originally filed this motion before Judge Lord, who declined to decide it and said, I'm leaving. I'll leave it to the next judge to resolve it. And she indicated that were she to decide it that day, she would most likely recuse herself and send it off to state court. Not recuse, but what's the word I'm looking for?

THE COURT: Abstain.

MR. DONOVAN: Abstain. Thank you. And send it to state court. So Your Honor is not wrong in that being one of the possibilities here for how we can go forward. Again, it's -- I just remind the Court that at the last hearing

where we discussed all this, Your Honor also indicated that it was -- since we're dealing with enforcement of an order of this Court, and we're dealing -- we're already here on a motion that is before the Court, whether it has to be refiled or not, that this Court is in a position and is to grant this sometime soon. If we go back to state court, we're looking at many months, if not years of litigation before we can get to an appeal level whereas this Court has already got papers from both sides on it, already heard preliminary argument on it, and could effectively resolve this with one more hearing. But again I understand Your Honor's position on this, and --

THE COURT: My concern is that it just seems to be so deeply tied and connected to state statutes, state law, state rights, and pending litigation right now in the state court.

MR. DONOVAN: Your Honor, this whole case has been tied to that pending litigation. But again, if Your Honor is not inclined to hear this, then we should dismiss the case. If Your Honor is inclined to hear this, then we should not dismiss the case. Your Honor should approve the unopposed refinancing so that the Debtor can resolve its financial issue, and we should put together a schedule for consideration of the motion to compel.

THE COURT: And what exactly -- whether you seek

to compel it by a motion that would be restored to the calendar here or made across the street in Kings Supreme, what exactly do you seek to compel whom to do?

MR. DONOVAN: We seek to compel JJAM to turn over all of the original loan documents and to authorize the Debtor, acting as a attorney in fact, which is the way that the statute sets it up, attorney in fact for JJAM to prepare and file proper satisfaction.

THE COURT: So I think when we got to this point, more or less perhaps at the prior hearing, it became evident, and maybe even the parties acknowledged. I don't recall, although I do think we have access to all the transcripts, that there is a trust issue between the parties. And that was where it became sensible as a next step to have some trusted intermediary deal with the issue. You're not saying anything that sounds like Chapter 11 to me. And you've come as close to acknowledging that as you could, being Debtor's counsel. I am second to none in my willingness and actually desire to be useful and to have as efficient a process as possible.

But I'm just not seeing a utility for this Court to say, well, you'll come back in six weeks and we'll restore it to the calendar and in what is effectively this Court injecting itself into a state court fight between highly contentious parties. Please be seated. Thank you.

I just -- I'm not seeing it.

I would conference with the parties. I would do everything I could to see if there is a way to get from here to done. I assume at the end of the day this is a question of economics and who gets paid how much and how soon. And if it's more than that, if there are issues going to state RPAPL provisions, Real Property Actions and Property Law, RPAPL, then you're already litigating away with it sounds like one or more than one appeal pending.

Setting aside the fee appeals that are pending from Judge Lord's fee award decisions here over in the district court, I think those are still pending or my orders. Anyway, those don't seem to have anything to do with anything that's the centerpiece of the parties' disputes. Fine. But I'm just not seeing --

MR. DONOVAN: Your Honor, if I could then just ask for five minutes before you --

THE COURT: I'm not seeing the Chapter 11. What I -- yes. Yes, of course, and what I would like you to do during those five minutes among every -- add to your list, clear your list first. But it would -- if there is a way to make progress here, I would love to hear about it. But I'm not seeing it yet. And it just doesn't seem worth this kind of litigation here, there, and everywhere. How many appeals pending, state and federal? Three, four, at least at the

moment? If you look to the reality of the situation before and after the resolution of your dispute, is there a question who will be in title?

MR. DONOVAN: No, it's a question of whether Ms. Francis gets back the money that she was compelled to pay to JJAM that she doesn't believe she should have paid.

THE COURT: Because she thinks she can void the mortgage and note through the arguments that are being advanced in state court?

MR. DONOVAN: More question of -- that's certainly one of the issues, but more in terms of the appeals that are currently pending, it's that the court should never have entered the judgment in the first place.

THE COURT: That seems as -- that the state court should not have entered the state court judgment in the first place.

MR. DONOVAN: Yes.

MS. FRANCIS: (indiscernible)

THE COURT: Sounds like a state court issue to me. All right. We'll take a --

MR. DONOVAN: That's why we're in state court with that appeal, Your Honor. That was never --

THE COURT: I'm sorry?

MR. DONOVAN: That was never brought to this Court. That is in state court. In fact, both of us moved

early in the case to lift the stay so that we could go back to state court and litigate that.

THE COURT: That's right, and those motions were granted. So that's --

MR. DONOVAN: So the stay has been stuck all along. So there are significant financial issues. Title to the property is no longer an issue. They're not going to foreclose. Although, again, if we leave the Court today without a dismissal, I need to have the stay, the refinancing done or --

THE COURT: That's your second motion.

MR. DONOVAN: Yeah.

THE COURT: And I appreciated the -- you made -- you framed that very, very helpfully in your papers. If we don't get this done, then we need this. It's almost like a bridge. So all right. I --

MR. DONOVAN: Just give me -- she's not going to hear you right now.

THE COURT: Let me let you take a few minutes and I would address everything you need to with your client and then reserve at least a minute or two to just step back from the precipice and see if there's any path forward. I doubt it, frankly, because from a bankruptcy standpoint, there aren't bankruptcy issues. There's a question of whether you can successfully defeat the note and mortgage that's pending

in state court. Fine. That's some other court's issue. It's state law. And it's just not a question that this Court is even being asked to address, so far as I can tell. Is that right, Mr. Donovan?

MR. DONOVAN: Yes.

THE COURT: Okay. All right. So you asked for a break. I think it makes sense. And anything further before we break? Anything further before we break?

MS. FRANCIS: Your Honor, I would like to speak as a party in interest. He represents the Debtor. I represent myself personally. I paid for this. It's two different capacities and they're being collapsed. So I don’t --

THE COURT: You appreciate that as the Debtor's principal, you have some duties and obligations, right?

MS. FRANCIS: I understand I have fiduciary duties.

THE COURT: Okay. All right.

MS. FRANCIS: And I also --

THE COURT: Let me ask you, Mr. Donovan, please be seated. Please proceed. I'm going to ask you to stand when you speak to the Court and come to a microphone.

MS. FRANCIS: Okay. My name is Johanna Francis and I'm representing myself with respect to this. I actually joined the motion for the motion to compel personally. Mr. Frankel is citing 1921-2, 1922 is an

injured party's right.

THE COURT: I don't know what you're talking about when you say 1921. What do you mean?

MS. FRANCIS: Under the statute, 1921-2, which is --

THE COURT: I'm sorry. What is that?

MS. FRANCIS: In the statute that Mr. Frankel just quoted?

THE COURT: What statute?

MS. FRANCIS: Okay.

THE COURT: That's not the Bankruptcy Code.

MS. FRANCIS: With respect to the turnover. The motion to compel is with respect to this Court's order. This Court ordered that JJAM gives satisfactions. Okay. Let's step back. Let's step back.

THE COURT: What is the statute to which you refer?

MS. FRANCIS: 1921 --

THE COURT: Is what statute?

MS. FRANCIS: -- is what the motion to compel has to do with.

THE COURT: Could you tell me --

MS. FRANCIS: This is what we've been discussing this whole time. 1921 is the motion to compel. That's the statute which requires certain obligations. And yes, it

stems from state court law. However, this Court made certain decisions, including compelling me to pay off JJAM, and there was supposed to a satisfaction. Mr. Frankel talks about how these are state court issues. This Court stated that they had to issue proper satisfactions, title insured before JJAM gave those satisfactions based upon the way it was handled in this Court.

Now, Mr. Frankel cites 1921-2. 1921-2 is a dismissive party's right for a discharge which this Court has already ordered. So all I'm asking this Court to do is to enforce its orders. That's it. I'm not getting into -- and this has nothing to do with this or that or here or -- but the issue is everything started in this Court. It started in this Court a long time ago. And what happens is it goes from forum to forum and then things are misrepresented about what this Court found. So (indiscernible) --

THE COURT: So for the sake of a clear record, you're referring to RPAPL, New York state statute RPAPL, Section 1921(1).

MS. FRANCIS: Yes.

THE COURT: Back to you.

MS. FRANCIS: But Mr. Frankel is pointing to (2). And it recently changed on June 10th. The statute changed, but (2) stays in impact.

THE COURT: But in all events, it is -- these are subsections of New York state statute RPAPL 1921.

MS. FRANCIS: Yes. That's correct.

THE COURT: Back to you.

MS. FRANCIS: And this motion was brought because the previous judge, and I understand you're new to this and this was not of your making, stated that we should -- if they don't comply with issuing the satisfactions and what we need, that we should do a motion to compel, which is what we did. And this was after asking several times for these things. Additionally, they're saying that they need to authenticate things. This is the documents that they sent to the title company which sent to me.

THE COURT: The record will reflect that you're holding up a plastic envelope with a barcode and an address.

MS. FRANCIS: Can we -- can you proffer this? Do you want to proffer it?

THE COURT: I think it makes sense for us to take a short break now actually, if you're talking about proffering evidence. You should --

MS. FRANCIS: Well, my point is --

THE COURT: All right. We're taking a short break. Thank you.

MS. FRANCIS: Wait, just one -- just one moment, Your Honor.

THE COURT: Ma'am. Ma'am, this is my courtroom.

MS. FRANCIS: Okay. I agree.

THE COURT: Your counsel requested the break. I think it's a good idea.

MS. FRANCIS: Okay.

THE COURT: Thank you.

MS. FRANCIS: Debtor's counsel requested the break. I did not.

THE COURT: Thank you. We'll keep it to five to ten minutes, I think.

MS. FRANCIS: If they need authentication, then why was this stuff sent to the title company? If they need authentication, why did they send that to the title company?

MR. DONOVAN: You're trying to --

(Recess.)

THE COURT: Happy to note, as we're going on the record, that one of our interns from the Sonia Sotomayor Internship Program is having her first day today, and I'm delighted that she's able to see some court proceedings.

CLERK: Recalling Matters 1 and 2, Case Number 24-43203, Etienne Estates at Washington LLC.

THE COURT: All right. Thank you. Let's pick up where we left off. Would you like to resume from the podium?

MS. FRANCIS: Your Honor, I understand that based

upon what transpired last time, it was marked off and there was supposed to be a settlement. If the Court had referred to my papers at all points in times, anything that I submitted, I had specifically requested that this be decided because it stems from this Court.

And everything, even when you start going into the state court, stems from this Court. And what happens is this goes from court to court to court, and there's no continuity. And then things are misrepresented about what was said where.

This, for me, is very simple. This Court compelled me to pay them. I complied with what the Court asked for. Within that Court order, even though it was very skinny, they had to give satisfactions. The title company, Mr. Frankel mentions that it was insured. It was insured based upon this Court's order stating that a title company could rely on that. The satisfactions came after where it's commonplace is what you're supposed to do is before you get any money, you give the satisfactions and you get the documents. That didn't occur. Then we asked for it several times. It still didn't occur.

Then when finally the satisfactions came to being, the reason that I was trying to offer this to the Court is that Mr. Frankel submitted to this Court an escrow and a list and is saying that things need to be authenticated.

Whereas what they sent to the title company in June and which is in my possession, since I believe slightly thereafter, are what they say are the original consolidated extension agreement, the original note, and the original mortgage. Yet they're telling Your Honor that they have those things in their possession.

So if there's an issue with authentication, then why did they send this out in June? So I just do not want to be sent from court to court to court to spend -- I've already spent over $5 million. I've already spent over half a million dollars on attorney fees. I did borrow money from these people. They bought something. And I tried to comply with everything this Court has requested, even when I don't agree.

You asked me to pay Northgate, I paid Northgate. You asked me to pay the U.S. trustee fee. I paid the U.S. trustee fee. All I'm asking for is for this Court to uphold its orders. This Court said 590 applied in the related hearing. That goes into the nether, nether. And the problem is that Mr. Frankel's clients as third generation of buying notes from banks and then litigating and taking people's property.

So you're dealing with people that do this for a living for three generations, and then everything goes into an abyss. And I'm thankful I have a capacity to read. I'm

thankful I have attorneys that try to represent these things. But this becomes a bigger problem than just what's before this Court. So I'm just simply asking for a ruling based upon all the papers that have been submitted. And Your Honor, can I believe that you will be fair? I believe that you read. So you'll make whatever decision you believe is appropriate. I'm not asking you to make a specific decision.

But I am asking this Court to please uphold its orders because even the 2017 confirmation, you retain jurisdiction. When it went to state court, it was a completely different story. And that's what the problem is. And nobody's really reading and looking at everything. And when you read it and look at everything, you can see the story. It just needs to be read.

THE COURT: I've read a lot in this case. I can tell you I had a lot of catching up to do when the case was transferred. It's a 2024 case, as you know better than anyone.

MS. FRANCIS: Unfortunately.

THE COURT: Thank you.

Mr. Donovan, may I hear from you?

MR. DONOVAN: Your Honor, back to where I started. We have several different paths forward, and I leave it to the Court to choose which one it wants.

THE COURT: All right. I see that there is at Number 175 in the docket and on today's calendar, there is the Debtor's motion to dismiss, seeking the voluntary dismissal, as you say it, pursuant to Bankruptcy Code Section 1112, on a range of grounds, including that the Debtor no longer wishes to pursue confirmation of a plan.

So I've been thinking about the criteria under 1112(b) during our short break. It does seem that there's good grounds for dismissal here. I wish there was a way to tie everything up with a bow and put this to rest for all of your sakes. That is outside the scope of what is before the Court. You've got a lot yet to address, it seems, in the state court those matters are pending. There's state law questions. They concern state statutes. And that litigation has been underway perhaps even longer than this case. I don't know.

Mr. Frankel, let me hear from you.

MR. FRANKEL: I don't have anything to add.

THE COURT: All right. Thank you. Before the Court are two matters today: the motion for authority to obtain credit, Number 2 on the calendar, Number 244, which is, as framed by the Debtor, a motion that the Debtor seeks to have considered only if the dismissal is not granted and granted only if the objections to the entry of the order are not overruled.

There's a long history in this case. There's a long record in this case. There's a number of points that have been made and there's points that have been made and fully addressed. There were objections to the dismissal of the case that were filed because there was a concern about compensation that had been awarded but not paid. Those objections have been fully addressed. There's concerns and there are big concerns and they're obvious concerns. You couldn't be at today's hearing and not sense how earnestly they are pressed that this Court would have the opportunity to do something in an efficient way that would advance the resolution of the matters that are pending elsewhere.

But I'm concerned that the injection by this Court of itself into what are in substance state law, state court issues pending there might seem to be a short-term convenience or even victory for the parties, but in even the middle term, never mind the longer term, would not be a step in a path forward to resolving the matters that have brought the parties to so many courts, including this one, the disputes of such a wide range that led this Chapter 11 case perhaps first to be filed and then to be pending for something like two years.

Some things are clear from the record. There is not a path forward in Chapter 11 that encompasses the confirmation of a plan. The Debtor doesn't seek that. The

pendency of the case does seem to point in the direction of increased costs, increased burdens to the parties. There are orders you'd like to have and you think you can get them quicker here than somewhere else. But that's not the same as a reorganization purpose. So I have to conclude that under Section 1112, there would be a continuing loss to costs imposed on the estate, the parties, the Debtor, the Debtor's principal, if this case continues.

I see as well that there is the absence of a reasonable likelihood of rehabilitation, of reorganization. I don't form a -- so those, of course, are the criteria set forth in 1112(b)(4)(A). (b)(4)(B), I don't reach a conclusion one way or another. Excuse me, one way or another, on the question of gross mismanagement of the estate, failure to maintain appropriate insurance, unauthorized use of cash collateral. There are many orders that have been entered in this case, and I actually have not -- they were overwhelmingly entered by my colleague, now retired Judge Lord. I don't have a view one way or another as to whether there's been a failure to comply with an order of the Court by the Debtor or whether the Debtor has somehow failed to comply with requirements of the bankruptcy process.

But the Debtor has acknowledged and has done so by counsel that there is not a reorganization path available

here. The Debtor doesn't even seek it. It's not the Debtor's objective at this point. There's no question as to whether the Debtor could consummate a confirmed plan. There is no confirmed plan. There's no path to a confirmed plan. And again, that's not disputed.

What there is instead is a state court dispute, state law dispute arising under state statutes, where some defenses to the obligation at issue have been raised, where some concerns about who has the documents have been identified, and I tried my best to help the parties find some path forward on that, and it did not work.

So I won't view that as the parties' inability to get that settlement done. Let me own it. If there had been a way through this Court's proceedings and processes and directions and orders to ease the path for the parties so that you could spend your time focusing on what the merits may be that separate you as opposed to who's got the documents or who trusts who's got the documents and it seemed to me that there was an avenue to make to assist the path forward here, even if it was not, strictly speaking, a Chapter 11 reorganization, that was what we worked on at the last hearing. It didn't work out that way. To the extent I used your time poorly, I apologize.

But I don't apologize for trying to do my job as the judge to move a case forward in the most efficient, most

effective way. I just think that's doing my job.

But what I do see in the record at this stage in these proceedings is good grounds to grant and enter an order to grant the Debtor's motion, the objections having substantially been addressed, or, to the extent they have not been addressed, I shall overrule them because the case for dismissal is strong, compelling, and not capable of persuasive dispute. So I'm going to overrule.

Turning to the matter in the calendar, the objections to the entry of the order, to the extent --

MR. DONOVAN: (indiscernible)

THE COURT: Let me finish ruling, please. To the extent that the objections have been resolved, they are marked off as moot and resolved.

MR. DONOVAN: Your Honor, there's one issue I'd like to raise --

THE COURT: To the extent -- let me finish, please. Thank you. And then you'll all have a chance -- that they have not been resolved, they are overruled. Based on the entire record, the Court finds and concludes that cause for dismissal on the Debtor's motion to dismiss has been established.

All right. Mr. Donovan, it is Debtor's motion. May I ask you to submit (indiscernible)?

MR. DONOVAN: Your Honor, when we submitted the

order, we included the two standard paragraphs of the case is dismissed and we included the standard paragraph of the Debtor will file whatever it needs to file for the U.S. trustee fees. We also included --

THE COURT: If they were here, they would ask for that, I'm sure.

MR. DONOVAN: Right. We also included a provision which obviously we will take out, which retained jurisdiction on the motion to compel. But we also included another provision which Ms. Francis objected to, and that was that the dismissal was conditioned upon my firm being paid the fees that the Court ordered, and I do think --

THE COURT: It's not a conditional dismissal. I'm dismissing the case.

MR. DONOVAN: I just wanted the Court to rule on that specifically. So I will submit a revised order when I go back to my office.

THE COURT: Okay. Thank you very much. Is there anything else you'd like to add to the record?

MR. DONOVAN: No.

THE COURT: Ms. Francis, is there anything else you'd like to add to the record?

MS. FRANCIS: My concern was that the original order that was submitted had -- with respect to that had the circular reference to it wasn't dismissed unless they were

paid. So if you're striking that, then that's fine.

THE COURT: Thank you.

Mr. Frankel, is there anything you'd like to add to record?

MR. FRANKEL: No. No, thank you, Judge.

THE COURT: Thank you, everybody. Let's take a short break before we call the next matter. Thank you, and you can --

AUTOMATED VOICE: Recording stopped.

MR. DONOVAN: (indiscernible) a settlement. Thanks.

THE COURT: Good luck everybody.

MR. DONOVAN: Thank you. You too.

THE COURT: It's never too late to work things out.

MS. FRANCIS: There's nothing to work out because they're thieves. Not you (indiscernible) there is nothing to work out. Thanks, Ted.

(Whereupon, at 1:27 PM, these proceedings were concluded.)

I N D E X

RULINGS


| | Page | Line |
|---|---|---|
| [241] Conference on Objections to the Entry of an Order Dismissing This Case | 40 | 4 |
| [244] Motion for Authority to Obtain Credit Under Section 364(b), Rule 4001(c) or (d) | 41 | 13 |

C E R T I F I C A T I O N

I, Sonya Ledanski Hyde, certified that the foregoing transcript is a true and accurate record of the proceedings.



Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date: July 2, 2026

**&**

**&** 3:10

**1**

**1** 4:6 30:20 32:20
**10018** 3:6
**10036** 3:13
**10th** 30:24
**11** 10:15 11:24 12:4,5 13:13 13:16,18 14:12 24:16 25:18 37:20,24 39:21
**1112** 36:5,8 38:6,12
**11201-1800** 1:14
**11501** 44:23
**1155** 3:12
**11th** 3:5
**12151** 44:7
**129** 9:18
**12:17** 1:17
**13** 43:8
**1350** 3:5
**175** 2:2 36:2
**1921** 18:16 29:3,18,24 30:20 31:2
**1921-2** 28:25 29:4 30:8,8
**1922** 28:25
**1:27** 42:19

**2**

**2** 4:6 30:23,25 32:20 36:21 44:25
**2017** 35:10
**2024** 35:18
**2025** 12:23
**2026** 1:16 4:3 44:25
**22nd** 3:12
**230** 2:4
**232** 2:5
**233** 2:6
**24** 4:6 32:20
**24-43203** 1:3
**240** 2:7
**241** 2:1 43:5
**244** 2:10 36:21 43:8
**25** 12:24
**271** 1:13
**29** 1:16 4:3
**29th** 12:20,21

**3**

**300** 44:22
**330** 44:21
**364** 2:11 43:9

**4**

**4** 38:12,12 43:5
**40** 43:5
**4001** 2:11 43:9
**41** 43:8
**43203** 4:7 32:21

**5**

**5** 34:10
**590** 34:18

**a**

**able** 11:3 32:19
**absence** 38:9
**absolutely** 20:25
**abstain** 22:21 22:22
**abstract** 17:8
**abyss** 34:25
**acceptable** 17:15
**access** 24:12
**accurate** 44:4
**acknowledged** 24:11 38:24
**acknowledgi...** 24:17
**acting** 24:6
**action** 21:16
**actions** 25:7
**actually** 14:10 24:19 28:24 31:19 38:17
**add** 25:20 36:18 41:19,22 42:3
**additionally** 31:11
**address** 7:1 27:20 28:3 31:15 36:12
**addressed** 37:4 37:7 40:5,6
**addressing** 13:6,8
**advance** 37:11
**advanced** 26:9
**advantage** 13:5
**advise** 22:14
**afternoon** 4:2 4:11,18
**ago** 12:18 30:14
**agree** 10:7 32:2 34:14
**agreed** 7:15 17:5,7 18:10
**agreeing** 17:2
**agreement** 5:18 15:16 34:4
**alleged** 11:8
**allegiance** 17:10
**allow** 16:6
**americas** 3:12
**amount** 10:21
**andy** 17:6
**answer** 20:8
**anyway** 25:13
**apologize** 39:23,24
**appeal** 6:10,14 17:17,18 18:23 18:24 19:18,20 21:3 23:8 25:9 26:22
**appeals** 5:12 21:4,7 25:10

25:24 26:11
**appearances** 4:7,13 5:2
**appearing** 4:21
**apple** 19:15
**applied** 34:18
**appreciate** 28:13
**appreciated** 27:13
**appropriate** 35:7 38:15
**appropriately** 4:12
**approve** 8:2 23:21
**approved** 11:5 11:6 19:4
**approving** 8:13 12:17
**april** 12:20,21 22:13
**argued** 7:22
**argument** 17:19,21 23:10
**arguments** 26:8
**arising** 12:14 39:7
**aside** 25:10
**asked** 28:3,6 33:13,20 34:15 34:16
**asking** 14:14 14:15 16:3,5 30:10 31:10 34:17 35:3,7,9
**assessment** 8:23
**assist** 39:19
**assume** 25:4
**attempts** 5:21
**attention** 10:5
**attorney** 3:4,11 24:6,7 34:11
**attorneys** 35:1
**authenticate** 31:12
**authenticated** 33:25
**authentication** 32:11,13 34:7
**authority** 2:10 36:20 43:8
**authorize** 24:5
**automated** 42:9
**available** 6:10 20:4 38:25
**avenue** 3:12 39:19
**award** 25:11
**awarded** 37:6
**aware** 5:12
**awful** 16:1

**b**

**b** 1:21 2:11 36:8 38:12,12 38:12 43:9
**back** 8:4 10:12 22:13 23:6 24:22 26:5 27:1,21 29:15 29:15 30:22
31:4 35:23 41:17
**backenroth** 3:10
**bankruptcy** 1:1,12,23 5:19 6:25 19:1,12 27:23,24 29:11 36:4 38:22
**banks** 34:21
**barcode** 31:15
**based** 9:25 11:5 14:2 17:19 30:6 32:25 33:16 35:4 40:19
**basically** 5:19
**basis** 6:4 7:13
**behalf** 2:12
**believe** 7:20 8:18,20 9:18 10:18 12:12 20:17 26:6 34:2 35:5,5,6
**belong** 18:12 18:13
**benefit** 13:8
**best** 8:21 10:24 16:15 39:10
**better** 35:18
**big** 17:16,16 37:8
**bigger** 35:2
**bit** 5:7
**bite** 19:14
**borrow** 34:11
**bought** 34:12
**bow** 36:10
**break** 16:23 28:7,8,8 31:19 31:23 32:3,8 36:8 42:7
**bridge** 27:16
**bring** 5:7
**broadway** 3:5
**brooklyn** 1:14 18:3
**brought** 26:24 31:5 37:18
**burden** 17:7
**burdens** 38:2
**buying** 34:21

**c**

**c** 1:13 2:11 3:1 4:1 43:9 44:1,1
**cadman** 1:13
**calendar** 4:3,6 7:3,6,17,17 10:6,10,12 14:19,24,24 15:12 24:2,23 36:2,21 40:9
**call** 42:7
**cancel** 7:25
**capable** 40:7
**capacities** 28:12
**capacity** 4:22 34:25
**capital** 2:6 4:25
**care** 7:7

**case** 1:3 2:2,3,8 4:6 5:7,8,20 6:8,18,24 8:1,3 8:7,8,16,22 10:8,9,10,14 10:19 11:19 12:5 13:1,13 13:13,16,22 14:2,12 16:4,6 16:15 19:11,14 23:17,20,21 27:1 32:20 35:16,17,18 36:16 37:1,2,5 37:20 38:1,8 38:17 39:25 40:6 41:1,14 43:6
**cash** 38:16
**catch** 10:24
**catching** 35:17
**cause** 40:21
**centerpiece** 25:14
**certain** 5:21 10:22 29:25 30:2
**certainly** 12:2 15:19 19:11 26:10
**certified** 44:3
**chance** 40:18
**change** 18:10
**changed** 13:9 30:24,24
**chapter** 10:15 11:24 12:4,4 13:13,16,18 14:12 24:16 25:18 37:20,24 39:21
**choose** 35:25
**chooses** 6:13
**circular** 41:25
**cites** 30:8
**citing** 28:25
**claims** 20:23
**clear** 11:13 21:3 25:21 30:18 37:23
**cleared** 19:6
**clerk** 4:2 32:20
**client** 6:11 14:8 16:17 27:20
**clients** 34:20
**close** 5:5 11:18 24:17
**closed** 11:8 19:6
**closing** 11:10 21:21,21,24
**code** 29:11 36:4
**collapsed** 28:12
**collateral** 38:16
**colleague** 38:18
**come** 7:14 11:19 24:17,22 28:21
**commence** 21:15
**commonplace** 33:18
**company** 17:8 17:10 19:5 31:13 32:12,13 33:14,16 34:1
**comparative** 13:5
**compel** 5:19 6:18,20 7:2 8:2 8:4,6 9:17 11:1 14:15 21:14,20 23:24 24:1,3,4 28:24 29:13,20 29:24 31:9 41:9
**compelled** 26:5 33:12
**compelling** 30:2 40:7
**compensation** 37:6
**complete** 10:17
**completely** 35:12
**compliance** 21:20
**complied** 33:12
**comply** 31:8 34:12 38:20,22
**concept** 11:13
**concern** 23:13 36:14 37:5 41:23
**concerned** 21:6 37:13
**concerns** 37:7 37:8,8 39:9
**conclude** 38:5
**concluded** 42:20
**concludes** 40:20
**conclusion** 38:13
**conditional** 41:13
**conditioned** 41:11
**confer** 16:17
**conference** 2:1 5:9 25:2 43:5
**confidence** 20:3
**confirm** 10:16 13:20
**confirmation** 35:10 36:6 37:25
**confirmed** 39:3 39:4,4
**connected** 23:14
**connection** 19:10
**consent** 7:12
**consideration** 23:24
**considered** 36:23
**consolidated** 34:3

**consumer** 17:20 18:8 19:8,20
**consummate** 39:3
**consummated** 13:25 15:2
**contentious** 24:25
**context** 12:4
**continues** 38:8
**continuing** 38:6
**continuity** 33:9
**convenience** 37:16
**correct** 8:23 10:17,19,20 13:3 14:25 15:10,24 16:4 16:15 19:18,25 20:5 31:3
**costs** 38:2,7
**counsel** 4:14 17:3 24:18 32:3,7 38:25
**country** 44:21
**county** 18:4
**course** 25:19 38:11
**court** 1:1,12 4:5,9,18,23 5:1 5:13 6:19,21 6:25 7:3,11,16 7:19,23 8:6,11 8:14,19,21 9:4 9:9,13,19,25 10:1,3,4,13,21 11:5,7,7,14,15 11:17,21,21,23 12:9,12,14,15 12:19,22,25 13:5,6,7,8,21 14:4,9,14,15 14:17,21 15:3 15:5,7,8,12,21 15:25 16:2,4,5 16:8,12,20,24 17:1,9,22,23 17:23,25 18:1 18:1,2,4,4,6,12 18:14,15,18,20 18:23,25 19:11 19:15,16,17,24 20:1,12,14,14 20:22 21:1,4,9 21:9,10,14,16 21:19,23,25 22:2,4,5,7,7,8 22:9,10,14,19 22:21,23,25 23:3,4,5,6,8,13 23:16,25 24:9 24:21,24,24 25:12,18 26:7 26:9,12,14,14 26:15,19,19,21 26:23,25,25 27:2,3,8,11,13 27:19 28:1,3,6 28:13,17,19,21 29:2,6,9,11,14 29:16,19,22 30:1,1,4,4,7,9 30:10,13,14,16 30:18,22 31:1 31:4,14,18,22 32:1,3,6,9,16 32:19,22 33:2 33:5,7,7,8,8,8 33:11,12,13,23 33:24 34:9,9,9 34:13,17,18 35:3,9,11,16 35:21,25 36:1 36:12,13,19,20 37:10,13,14 38:21 39:6 40:12,17,20 41:5,12,13,15 41:18,21 42:2 42:6,12,14
**court's** 7:17 10:4 17:4 28:1 29:13 33:16 39:14
**courtroom** 32:1
**courts** 37:19
**credit** 2:10 36:21 43:8
**creditor** 2:6
**creditors** 6:8 13:18,21
**criteria** 36:7 38:11
**current** 8:11 8:14 13:15,17 19:16
**currently** 26:12

**d**

**d** 2:11 4:1 43:1 43:9
**date** 5:7 12:19 13:14 44:25
**day** 22:18 25:4 32:18
**deal** 15:18 18:11 24:15
**dealing** 12:7 23:2,3 34:23
**debt** 6:9
**debtor** 1:9 2:3 2:5 3:4 4:14,16 4:17,21 5:6,17 5:20,22 6:1,5 6:19 11:4,15 12:10 15:8,10 15:14,19 16:8 16:14 17:13 18:7 19:6,8,14 21:7 23:22 24:6 28:10 36:6,22,22 37:25 38:7,21 38:21,24 39:1 39:3 41:3
**debtor's** 5:18 15:8 17:16 24:18 28:13 32:7 36:3 38:8 39:2 40:4,21 40:23
**decide** 11:12 22:16,18
**decided** 11:14 15:6 33:4

**deciding** 14:1
**decision** 35:6,8
**decisions** 25:11 30:2
**declined** 22:15
**declines** 21:14
**deeply** 23:14
**default** 6:2
**defeat** 27:25
**defenses** 20:23 39:8
**delighted** 32:19
**denied** 6:4
**desire** 24:19
**different** 8:25 15:13 28:11 35:12,24
**directing** 12:18
**direction** 38:1
**directions** 39:15
**directly** 19:21
**discharge** 30:9
**discussed** 11:1 23:1
**discussing** 29:23
**discussion** 13:3 16:2
**dismiss** 2:3,8 5:8,19 6:23 8:1 8:3 10:8,10 13:22 16:4,6 23:19,21 36:3 40:21
**dismissal** 5:10 7:7 9:7,7 16:14 27:9 36:4,9,23 37:4 40:7,21 41:11,13
**dismissed** 13:13 19:14 41:2,25
**dismisses** 6:18
**dismissing** 2:2 14:2 41:14 43:6
**dismissive** 30:9
**dispute** 19:17 26:2 39:6,7 40:8
**disputed** 39:5
**disputes** 25:15 37:20
**district** 1:2 5:13 17:22,23 25:12
**docket** 8:15 9:5 9:9 14:9 36:2
**document** 2:2
**documents** 5:21 14:16 17:2,14,14 19:22,24 20:3 20:9,17,19 21:10 24:5 31:12 33:20 39:9,18,18
**doing** 10:24 12:8 16:15 40:1
**dollars** 34:11
**donovan** 2:11 3:8 4:14,15,15 5:6,13,16,16 7:5,13,18,21 7:24 8:8,12,14 8:18,20 9:2,6,9 9:12,17,22 10:2,7,20,25 11:18 12:6,17 12:21,24 13:2 13:17,23 14:6 14:15,20,25 15:4,6,14,15 15:24 16:5,9 16:20 18:3 20:7,13,16,25 21:2,6,10,20 21:24 22:3,6 22:10,22 23:17 24:4 25:16 26:4,10,17,21 26:24 27:5,12 27:17 28:4,5 28:19 32:14 35:22,23 40:11 40:15,23,25 41:7,15,20 42:10,13
**don’t** 28:12
**doubt** 27:22
**duties** 28:14,16

**e**

**e** 1:21,21 3:1,1 4:1,1 43:1 44:1
**early** 27:1
**earnestly** 37:9
**ease** 39:15
**east** 1:13
**eastern** 1:2
**economics** 25:5
**ecro** 1:25
**effect** 17:9
**effective** 40:1
**effectively** 12:8 23:10 24:23
**effectuate** 17:18
**effectuated** 7:10 12:11
**efficient** 24:20 37:11 39:25
**either** 7:25 14:18 16:6
**elizabeth** 1:22
**elkstein** 17:6
**encompasses** 37:24
**ends** 10:22 16:13
**enforce** 12:8 15:22 30:11
**enforced** 19:13
**enforcement** 19:20 23:2
**enormous** 10:21
**enter** 40:3
**entered** 8:12 9:3 26:13,15 38:17,18
**entire** 40:20

**entirely** 14:3
**entry** 2:1 5:9 36:24 40:10 43:5
**envelope** 31:15
**errors** 20:10
**escrow** 9:8 17:3 20:18,20 33:24
**ess** 1:3
**essentially** 5:24 6:11
**established** 40:22
**estate** 38:7,15
**estates** 1:7 2:3 2:5,12 4:7 32:21
**etienne** 1:7 2:3 2:5,12 4:7 32:21
**evaporate** 13:9
**events** 31:1
**everybody** 42:6,12
**everybody's** 16:9
**evidence** 31:20
**evident** 24:11
**exactly** 23:25 24:3
**exception** 19:5
**excuse** 4:10 38:13
**expected** 7:21
**extension** 34:4
**extent** 39:22 40:5,10,13,17

**f**

**f** 1:21 44:1
**fact** 15:1 19:2 20:18 21:11 24:6,7 26:25
**failed** 38:22
**failure** 38:15 38:20
**fair** 22:14 35:5
**fairness** 16:21
**familiarity** 12:25 13:7
**far** 21:6 28:3
**federal** 17:23 19:2 25:25
**fee** 25:10,11 34:16,17
**fees** 11:25 14:6 34:11 41:4,12
**fell** 10:3
**fiduciary** 28:15
**fight** 24:24
**figure** 11:20 16:23
**file** 13:14 19:4 21:16 24:8 41:3,3
**filed** 2:3,5,6,7 2:8,11 14:4 22:15 37:5,21
**finalized** 8:10 15:20
**finally** 33:22
**financial** 23:23 27:6
**find** 8:16 9:5 9:10 16:13 39:10
**finds** 40:20
**fine** 15:17 25:15 28:1 42:1
**finish** 14:21 40:12,17
**finkel** 3:3 4:16
**firm** 6:9,16 41:11
**first** 6:15 25:21 26:13,16 32:18 37:21
**five** 25:17,20 32:9
**floor** 3:5,12
**focus** 19:16
**focusing** 39:16
**foreclose** 27:8
**foreclosure** 17:17,19 19:9
**foregoing** 44:3
**form** 20:4,5 38:11
**forth** 38:12
**forum** 30:15 30:15
**forward** 5:14 6:6,24 22:24 27:22 35:24 37:18,24 39:11 39:20,25
**found** 30:16
**four** 25:25
**framed** 27:14 36:22
**francis** 2:7,8 3:18 4:8,17,19 4:20,20 6:3,5 6:13,23 12:20 12:23 15:6 16:18 21:8,13 22:9 26:5,18 28:9,15,18,22 28:22 29:4,7 29:10,12,18,20 29:23 30:21,23 31:3,5,16,21 31:24 32:2,5,7 32:11,25 35:20 41:10,21,23 42:16
**francis's** 17:16
**frankel** 3:10,15 4:8,24,25,25 14:7 16:22,25 17:1,12,24 18:2,5,7,16,19 18:22,24 19:1 19:18,19,25 21:12 28:25 29:7 30:3,8,23 33:15,24 36:17 36:18 42:3,5
**frankel's** 14:7 34:20
**frankly** 13:24 27:23

**free** 6:13
**front** 13:11,23
**fruition** 7:14 11:20
**fully** 37:4,7
**funds** 6:10,13
**further** 28:7,8

**g**

**g** 4:1
**generation** 34:20
**generations** 34:24
**getting** 6:16 30:11
**give** 13:14 17:13 27:17 33:14,19
**gives** 20:2 29:14
**go** 6:24 11:15 11:21 15:13 22:24 23:6 27:1 41:17
**goes** 30:15 33:8 34:19,24
**going** 7:7,8 16:11 25:6 27:7,17 28:20 32:16 33:6 40:8
**goldberg** 3:3 4:15 17:5
**goldstein** 3:3 4:16
**good** 4:2,10,11 4:18 5:2 16:16 32:4 36:9 40:3 42:12
**grant** 16:11 23:6 40:3,4
**granted** 5:8 27:4 36:23,24
**grateful** 5:2
**gross** 38:14
**grounds** 36:5,9 40:3
**guess** 5:3 14:11

**h**

**half** 34:10
**handled** 30:7
**happened** 14:2 15:3,5
**happening** 13:16
**happens** 30:14 33:7
**happy** 20:7 32:16
**headed** 16:21
**hear** 16:22,25 22:5 23:19,20 25:22 27:18 35:22 36:17
**heard** 23:9
**hearing** 2:1,10 5:12 6:22 8:3 13:3 22:25 23:11 24:10 34:19 37:9 39:22
**held** 17:3,4
**help** 5:14 9:13 13:11 39:10
**helpfully** 27:14
**highly** 24:25
**history** 10:21 37:1
**hold** 17:8
**holding** 31:15
**hon** 1:22
**honor** 4:15 5:16,17 6:4,18 6:21 7:5,22,24 8:8,12,20 9:2,6 9:17 10:7,20 10:25 11:2,11 12:6 13:4,17 13:23 14:1,3 15:24 16:5,10 16:18 20:7,25 22:3,6,10,23 23:1,17,18,20 23:21 25:16 26:22 28:9 31:25 32:25 34:5 35:5,23 40:15,25
**honor's** 7:6 23:12
**hopeful** 11:3
**hyde** 2:25 44:3 44:9

**i**

**idea** 32:4
**identified** 39:10
**impact** 30:25
**implemented** 5:24
**implicate** 18:8 19:8
**imposed** 38:7
**impression** 14:10
**inability** 39:12
**inasmuch** 19:20
**inclined** 23:19 23:20
**included** 41:1 41:2,4,7,9
**including** 18:9 30:2 36:5 37:19
**increased** 38:2 38:2
**incurring** 6:2
**indicated** 11:2 11:11 22:17 23:1
**indirectly** 19:19
**indiscernible** 14:20 16:19 18:17 21:5 26:18 30:17 40:11,24 42:10 42:17
**injecting** 22:8 24:24
**injection** 37:13
**injured** 29:1
**insert** 19:7
**insurance** 38:15

**insured** 19:5 30:5 33:15,15
**interest** 4:21 12:13 28:10
**interested** 2:7 2:8 3:18
**interim** 17:4
**intermediary** 24:15
**interns** 32:17
**internship** 32:18
**issue** 6:17 17:16,16 19:2 20:6,8,9,14,16 20:21 23:23 24:13,15 26:19 27:7 28:1 30:5 30:13 34:7 39:8 40:15
**issues** 12:7,13 18:12 19:17 25:6 26:11 27:6,24 30:4 37:15
**issuing** 31:8
**it'll** 13:11

**j**

**j** 2:11 3:8
**jjam** 2:6 3:11 4:25 12:10,18 14:16 15:13 21:6,8 22:12 24:4,7 26:6 29:14 30:2,6
**job** 39:24 40:1
**johanna** 2:7,8 3:18 4:8,16,20 28:22
**joined** 28:24
**judge** 1:23 4:2 10:23 13:6,9 17:1,21 22:15 22:17 25:11 31:6 38:19 39:25 42:5
**judgment** 5:22 11:6 12:10 17:17,19 22:11 26:13,15
**july** 44:25
**june** 1:16 4:3 30:24 34:1,8
**jurisdiction** 6:25 8:2 10:11 12:12 21:15 35:11 41:9

**k**

**keep** 8:1,4 10:9 10:10 32:9
**kind** 25:23
**kings** 18:4 24:2
**know** 8:17 9:10 11:25 17:15 19:1 29:2 35:18 36:16
**krinsky** 3:10

**l**

**language** 19:7
**late** 42:14
**laugh** 12:22
**law** 12:7 19:17 20:23 23:14 25:7 28:2 30:1 36:13 37:14 39:7
**laws** 17:20 18:8
**lawyer** 17:4,5
**leave** 22:16 27:8 35:24
**leaving** 22:16
**led** 37:20
**ledanski** 2:25 44:3,9
**left** 5:4 10:2 32:23
**legal** 44:20
**length** 11:2
**level** 23:8
**lift** 27:1
**likelihood** 38:10
**likely** 22:18
**limited** 10:10 13:2
**line** 43:4
**list** 25:20,21 33:25
**litigate** 18:7 27:2
**litigated** 20:15
**litigating** 25:8 34:21
**litigation** 18:20 21:17 23:7,15 23:18 25:24 36:15
**living** 34:24
**llc** 1:7 2:4,5,6 2:12 4:7,25 32:21
**llp** 3:3,10
**loan** 24:5
**long** 30:14 37:1 37:2
**longer** 7:17 8:6 8:24 10:15 27:7 36:6,15 37:17
**look** 26:1 35:14
**looking** 22:20 23:7 35:13
**loose** 10:22
**lord** 17:21 22:15 38:19
**lord's** 25:11
**loss** 38:6
**lost** 17:21,22 19:8
**lot** 16:1 35:16 35:17 36:12
**love** 25:22
**luck** 42:12

**m**

**ma'am** 32:1,1
**made** 5:11 6:3 6:5 11:4 15:21 16:1 24:2 27:13 30:1 37:3,3
**maintain** 38:15
**make** 12:1 13:22 14:18,22 16:12 25:22

35:6,7 39:19
**makes** 28:7 31:18
**making** 4:12 4:12 16:10 31:7
**management** 8:16
**manager** 4:20
**mark** 3:15 4:8 4:25
**marked** 7:11 7:19 8:7 9:2,21 15:1 33:1 40:14
**matter** 1:5 4:6 5:14 8:16 20:2 40:9 42:7
**matters** 18:9 22:8 32:20 36:13,20 37:12 37:18
**maturity** 6:2
**mean** 13:8 29:3
**measure** 12:13
**mentions** 33:15
**merits** 39:16
**microphone** 28:21
**middle** 37:17
**million** 34:10 34:11
**mind** 5:4 37:17
**mineola** 44:23
**minute** 27:21
**minutes** 25:17 25:20 27:19
32:10
**misinformed** 8:19
**mismanagem...** 38:14
**misrepresented** 30:16 33:9
**moment** 4:10 9:10 16:16 26:1 31:24
**monday** 4:3
**money** 26:5 33:19 34:11
**monthly** 12:1 13:15 14:4
**months** 23:7
**moot** 40:14
**mortgage** 26:8 27:25 34:5
**motion** 2:2,7 2:10 5:8,18 6:3 6:7,17,19 7:1,3 7:11,25 8:1,2,4 8:6,15,24 9:1,2 9:7,10,17,20 10:5,11 11:1,4 14:17,18,23,23 15:22,25 16:7 16:10,13 17:2 18:9 21:16,19 21:20 22:15 23:4,24 24:1 27:11 28:24,24 29:13,20,24 31:5,9 36:3,20 36:22 40:4,21 40:23 41:9
43:8
**motions** 16:2 27:3
**move** 5:14 6:6 10:12 39:25
**moved** 26:25

**n**

**n** 3:1 4:1 43:1 44:1
**name** 4:19 28:22
**names** 4:4
**need** 7:16 10:5 11:20 14:18,21 14:22 20:1 27:9,15,20 31:9,11 32:11 32:12 33:25
**needed** 20:4
**needs** 6:1 16:23 35:15 41:3
**nether** 34:19 34:19
**neutral** 17:9
**never** 7:5 8:12 26:12,22,24 37:17 42:14
**new** 1:2 3:6,13 13:6 18:1,2,4 18:18 19:7 20:15 21:15 30:19 31:2,6
**nobody's** 35:13
**northgate** 14:8 34:15,15
**note** 4:4 26:8 27:25 32:16 34:4
**noted** 19:11
**notes** 34:21
**notice** 2:4
**number** 4:6 10:22 32:20 36:2,21,21 37:2
**numbers** 4:6
**ny** 1:14 3:6,13 44:23

**o**

**o** 1:21 4:1 44:1
**objected** 41:10
**objection** 2:6,6 5:9
**objections** 2:1 36:24 37:4,7 40:4,10,13 43:5
**objective** 39:2
**obligation** 39:8
**obligations** 6:3 13:18 28:14 29:25
**obtain** 2:10 5:22 36:21 43:8
**obtained** 12:10
**obvious** 37:8
**obviously** 41:8
**occur** 33:20,21
**offer** 33:23
**office** 41:17

**okay** 17:9 18:18,25 21:1 28:6,17,22 29:10,14 32:2 32:5 41:18
**old** 44:21
**open** 5:25 8:1 10:9
**operating** 12:1 13:15 14:5
**opportunity** 37:10
**oppose** 16:8,14
**opposed** 39:17
**option** 8:3
**order** 2:2,4 5:10 6:6 7:1 8:12 9:3 11:7 12:8,14,15,17 12:19 13:1,11 17:4,8,20 19:3 21:13 23:2 29:13 33:13,16 36:24 38:20 40:4,10 41:1 41:16,24 43:6
**ordered** 7:20 9:21,23 21:25 22:9,10 29:14 30:10 41:12
**orders** 25:13 30:11 34:18 35:10 38:3,16 39:15
**original** 22:12 24:5 34:3,4,4 41:23
**originally** 22:15
**outside** 6:24 36:11
**overrule** 40:6,8
**overruled** 36:25 40:19
**overwhelmin...** 38:18
**owed** 6:9
**own** 39:13

**p**

**p** 3:1,1 4:1
**page** 43:4
**paid** 6:16 12:18 13:19,21 14:7,8 25:5 26:6 28:11 34:15,16 37:6 41:12 42:1
**papered** 7:15
**papers** 6:21 15:17 23:9 27:14 33:3 35:4
**paragraph** 41:2
**paragraphs** 41:1
**part** 8:6,8 21:17 22:11
**particular** 17:10
**parties** 4:2 10:2,4 14:11 19:16 24:11,14 24:25 25:2,14 37:16,19 38:2 38:7 39:10,12 39:15
**partner** 17:5
**party** 2:7,8 3:18 4:21 28:10
**party's** 29:1 30:9
**path** 10:15 12:2 15:13 27:22 37:18,24 38:25 39:4,11 39:15,20
**paths** 5:25 35:24
**pay** 6:10,13 26:5 30:2 33:12 34:15,16
**paying** 22:12
**payment** 12:9
**payments** 5:11
**payoff** 11:6
**pendency** 38:1
**pending** 5:13 8:22,24,25 9:1 18:21,23,24 19:17 21:3,5,7 22:8 23:15,18 25:9,10,12,25 26:12 27:25 36:13 37:12,15 37:21
**people** 34:12 34:23
**people's** 34:22
**perform** 15:14
**performed** 11:7
**performing** 15:16
**period** 7:1 10:23
**peripheral** 19:10 21:12,13
**permitted** 4:5
**personal** 4:22
**personally** 28:11,25
**persuasive** 40:8
**pick** 32:22
**place** 26:13,16
**placed** 19:13 20:20
**plan** 10:16 12:3 13:14,14 13:19 36:6 37:25 39:3,4,4
**plastic** 31:15
**plaza** 1:13
**please** 4:3,4,13 8:23 14:21 24:25 28:19,20 35:9 40:12,18
**pm** 1:17 42:19
**podium** 32:24
**point** 8:15 10:9 10:11,15 13:19 24:9 31:21 38:1 39:2
**pointing** 30:23

**points** 33:3 37:2,3
**poorly** 16:3 39:23
**position** 23:5 23:12
**possession** 34:2,6
**possibilities** 22:24
**possible** 14:14 24:20
**precipice** 27:22
**precisely** 14:13
**predicated** 9:7
**preliminary** 6:22 23:10
**prepare** 8:21 24:7
**preparing** 5:3
**prepetition** 6:8
**present** 3:17
**presently** 9:20 18:20
**preserve** 6:6
**preserved** 20:1
**presiding** 10:23
**pressed** 37:10
**previous** 31:6
**principal** 4:17 15:9 28:14 38:8
**print** 13:10 15:18
**prior** 6:3 24:10
**problem** 8:25 34:20 35:2,12
**procedurally** 21:2
**proceed** 5:18 5:20 6:14,19 7:25 10:8 11:20,21,22 15:7 16:7 21:13 28:20
**proceeding** 13:19
**proceedings** 4:5 32:19 39:14 40:3 42:19 44:4
**process** 24:20 38:23
**processes** 39:14
**produce** 14:16
**produced** 20:18
**proffer** 31:16 31:17
**proffering** 31:20
**program** 32:18
**progress** 25:22
**proper** 5:22 20:11 24:8 30:5
**properly** 11:8 12:11
**property** 6:1 25:7,7 27:7 34:22
**proposed** 2:4 17:7,13
**protection** 17:20 18:8 19:8,21
**provide** 11:9 11:10
**provision** 41:7 41:10
**provisionally** 8:4
**provisions** 25:7
**purpose** 10:14 11:24 12:3 38:5
**pursuant** 11:7 17:3,20 36:4
**pursue** 36:6
**put** 8:4 10:12 18:11 23:23 36:10

**q**

**quarterly** 11:25
**question** 5:3 9:15,16 10:7 15:15,16,22 19:2 20:22 25:4 26:3,4,10 27:24 28:2 38:14 39:2
**questions** 5:10 36:14
**quicker** 38:4
**quite** 10:19 14:11
**quoted** 29:8

**r**

**r** 1:21 3:1 4:1 44:1
**raise** 40:16
**raised** 39:8
**range** 36:5 37:20
**rather** 11:14 14:2
**reach** 38:12
**reached** 13:24 15:7
**reaching** 15:16
**read** 15:17 34:25 35:6,14 35:15,16
**reading** 10:18 35:13
**real** 25:7
**reality** 26:1
**realize** 15:18 16:16
**really** 16:13 19:3 20:5 35:13
**reason** 17:15 19:6 33:23
**reasonable** 38:10
**reasons** 17:21 20:8
**recall** 24:12
**recalling** 32:20
**recently** 10:19 30:24

**recess** 32:15
**reconsiderati...** 17:22
**record** 4:12,13 4:19 5:11 8:23 10:17 18:11 19:13 30:18 31:14 32:17 37:2,23 40:2 40:20 41:19,22 42:4 44:4
**recorded** 19:23
**recording** 42:9
**recordings** 4:4
**recuse** 22:18 22:19
**refer** 29:17
**reference** 41:25
**referred** 14:13 33:2
**referring** 30:19
**refers** 18:13
**refiled** 6:7 23:5
**refinance** 6:1,4 17:18 19:3
**refinancing** 6:11,12,15,24 12:9,17 19:6 22:13 23:22 27:10
**reflect** 31:14
**reflected** 9:22
**rehabilitation** 38:10
**relate** 19:3,20
**related** 2:2 19:21 21:12 34:18
**relating** 19:19
**relief** 14:18 21:14 22:2
**rely** 33:17
**remaining** 6:8
**remains** 6:17
**remind** 22:25
**reorganization** 10:14 12:2 38:5,10,25 39:21
**report** 14:5
**reported** 14:9
**reports** 12:1 13:15
**represent** 28:10 35:1
**representing** 28:23
**represents** 28:10
**request** 14:19 14:23
**requested** 32:3 32:7 33:4 34:13
**require** 11:14
**requirements** 21:21 38:22
**requires** 29:25
**reserve** 27:21
**resolution** 22:12 26:2 37:12
**resolve** 10:11 11:19 22:17 23:10,22
**resolved** 7:6 9:8 40:13,14 40:19
**resolving** 12:13 37:18
**respect** 5:20 21:8 28:23 29:12,13 41:24
**rest** 36:10
**restore** 10:9 15:12 16:7,10 24:23
**restored** 7:16 10:5 14:19,24 24:1
**resume** 32:23
**retain** 35:10
**retained** 41:8
**retaining** 6:25
**retired** 38:19
**returnable** 6:7
**revised** 41:16
**right** 4:9,10,23 5:1 7:12,18 9:19 13:2 14:24 17:12 18:5,6 20:11 20:14 23:15 26:20 27:3,16 27:18 28:4,6 28:14,17 29:1 30:9 31:22 32:22 36:1,19 40:23 41:7
**rights** 6:7 15:19 19:8 23:15
**road** 44:21
**royal** 17:7
**rpapl** 18:16 20:12 25:7,8 30:19,19 31:2
**rubin's** 14:8
**rule** 2:11 41:15 43:9
**ruling** 35:3 40:12
**rulings** 43:3

**s**

**s** 1:22 2:2 3:1 4:1
**sake** 10:17 30:18
**sakes** 36:11
**sale** 11:5,6
**satisfaction** 5:22 12:9 20:10,11 21:11 22:9,11 24:8 30:3
**satisfactions** 19:22 29:14 30:5,6 31:8 33:14,17,19,22
**sats** 19:4
**saying** 12:11 22:5 24:16 31:11 33:25
**schedule** 8:2 23:23

**scheduled** 5:9
**scope** 20:23 36:11
**se** 19:12
**seated** 24:25 28:20
**second** 9:12 20:9 24:18 27:11
**secondary** 20:21
**section** 2:11 30:20 36:5 38:6 43:9
**see** 4:11 5:2,11 9:5 12:2 25:3 27:22 32:19 35:14 36:1 38:9 40:2
**seeing** 14:9 24:21 25:1,15 25:18,23
**seek** 10:4,15 23:25 24:3,4 37:25 39:1
**seeking** 6:23 12:8 14:17 15:12 36:3
**seeks** 16:14 21:14 36:22
**seem** 11:23 16:16 21:4 25:13,23 36:8 37:15 38:1
**seemed** 39:19
**seems** 5:4 10:13 13:9 16:1,4 22:7 23:13 26:14 36:12
**send** 22:19,22 32:13 34:8
**sense** 8:22 12:2 13:22 16:21 28:7 31:18 37:9
**sensible** 24:14
**sent** 31:12,13 32:12 34:1,9
**separate** 39:17
**served** 10:14 11:24 12:3
**set** 5:7 9:8 38:11
**sets** 24:7
**setting** 25:10
**settle** 11:3
**settled** 9:3,22 15:1 17:2 18:10 19:12
**settlement** 2:4 5:23 7:9,9,14 8:9,13 10:3 11:18,19 13:25 15:1,7,10,11 15:20,22 19:13 33:2 39:13 42:10
**several** 14:13 21:4 31:10 33:20 35:24
**short** 7:1 16:23 31:19,22 36:8 37:15 42:7
**side** 17:10
**sides** 23:9
**signature** 44:7
**significant** 27:6
**simple** 33:11
**simply** 6:18 35:3
**sitting** 20:3
**situation** 26:1
**six** 24:22
**skinny** 33:14
**slightly** 34:2
**solutions** 44:20
**someday** 10:18
**sonia** 32:17
**sonya** 2:25 44:3,9
**soon** 23:6 25:5
**sorry** 13:10 15:4 17:24 26:23 29:6
**sotomayor** 32:17
**sounds** 24:16 25:8 26:19
**speak** 28:9,21
**speaking** 4:4 39:20
**specific** 12:16 35:7
**specifically** 33:4 41:16
**spend** 34:9 39:16
**spent** 34:10,10
**stage** 5:7,24 40:2
**stand** 28:20
**standard** 41:1 41:2
**standpoint** 14:12 27:23
**start** 6:20 11:15 33:6
**started** 30:13 30:14 35:23
**starting** 4:5
**state** 4:3,19 6:19 12:7 13:8 18:18 19:17,17 20:14,23 21:9 21:10,16,23,24 22:4,8,19,23 23:6,14,14,15 23:15 24:24 25:6,25 26:9 26:14,15,19,21 26:25 27:2 28:1,2 30:1,4 30:19 31:2 33:7 35:11 36:13,13,14 37:14,14 39:6 39:7,7
**stated** 30:4 31:7
**states** 1:1,12
**stating** 33:16
**status** 8:15,17 9:20
**statute** 18:13 18:15,18 20:11

20:12 21:21,23 21:24 24:7 29:4,7,9,16,19 29:25 30:19,24 31:2
**statutes** 19:21 23:14 36:14 39:7
**stay** 27:1,5,9
**stays** 30:25
**stems** 30:1 33:5,7
**step** 6:15 24:15 27:21 29:15,15 37:17
**stipulation** 9:23,23 18:11
**stong** 1:22
**stong's** 4:3
**stopped** 42:9
**story** 16:13 35:12,15
**street** 24:2
**strictly** 39:20
**striking** 42:1
**strong** 40:7
**struggling** 11:25 20:5
**stuck** 27:5
**stuff** 32:12
**subject** 7:8 8:9 9:3,4,6 18:11
**submit** 9:22 40:24 41:16
**submitted** 9:24 33:4,24 35:4 40:25 41:24
**subsections** 31:2
**subsequently** 5:23 17:6
**substance** 37:14
**substantial** 6:2
**substantially** 40:5
**successfully** 27:25
**suite** 44:22
**suppose** 15:21 16:1
**supposed** 11:10 30:3 33:2,18
**supreme** 17:24 18:1,2,4,12,14 19:15 20:15 24:2
**sure** 4:12 8:17 41:6
**sympathy** 11:11

**t**

**t** 44:1,1
**take** 7:7 9:10 16:23 17:6,14 21:15 26:20 27:19 31:18 41:8 42:6
**taken** 14:23
**talk** 20:9
**talking** 13:14 29:2 31:19
**talks** 30:3
**technical** 9:15 9:15
**ted** 2:11 3:8 4:15 5:16 42:18
**tell** 14:13 16:24 28:3 29:22 35:17
**telling** 34:5
**ten** 32:10
**term** 37:15,17 37:17
**terminated** 5:23 15:19
**terms** 26:11
**text** 19:22
**thank** 4:9,10 4:18,23 5:1 22:22 24:25 31:23 32:6,9 32:22 35:21 36:19 40:18 41:18 42:2,5,6 42:7,13
**thankful** 34:25 35:1
**thanks** 42:11 42:18
**thieves** 42:17
**thing** 12:4 19:10
**things** 6:6 11:2 11:9 12:1 14:22 16:6 20:24 21:11 30:15 31:11,12 33:9,25 34:6 35:2 37:23 42:14
**think** 7:4,11 9:4 10:13 13:25 17:15 18:12 20:18 24:9,12 25:12 28:7 31:18 32:4,10 38:3 40:1 41:12
**thinking** 36:7
**thinks** 26:7
**third** 34:20
**thought** 9:20 15:18
**three** 5:24 25:25 34:24
**tie** 36:10
**tied** 6:11 23:14 23:18
**time** 7:1,6 10:23 11:1 14:1,3 16:3,10 29:24 30:14 33:1 39:16,23
**times** 14:13 31:10 33:3,21
**title** 17:8,9 19:4,6 26:3 27:6 30:5 31:13 32:12,13 33:14,16 34:1
**today** 5:3,14 6:7 7:3,22 10:8 16:4 27:8 32:18 36:20

**today's** 36:2 37:9
**together** 23:23
**top** 5:3
**towards** 6:15
**transcribed** 2:25
**transcript** 10:18 44:4
**transcripts** 24:13
**transferred** 35:18
**transpired** 33:1
**tried** 13:20 34:12 39:10
**true** 44:4
**trust** 24:13
**trusted** 24:15
**trustee** 14:6 34:16,17 41:4
**trusts** 39:18
**try** 20:7 21:2 35:1
**trying** 10:16 13:12 17:18 32:14 33:23 39:24
**turn** 24:4
**turned** 5:21
**turning** 40:9
**turnover** 19:22 29:12
**two** 14:22 16:6 20:8 27:21 28:11 36:20 37:22 41:1

**u**

**u.s.** 1:23 14:6 34:16,16 41:3
**unacceptable** 17:12
**unauthorized** 38:16
**unavailable** 22:4
**under** 2:10 20:11 21:21,24 21:24 29:4 36:7 38:6 39:7 43:9
**understand** 6:14 12:6 20:5 23:11 28:15 31:6 32:25
**understanding** 6:12
**understood** 10:25 11:4
**underway** 36:15
**unfortunately** 35:20
**unhelpful** 13:12
**unimportant** 9:15
**united** 1:1,12
**unknown** 1:25
**unopposed** 23:22
**unpaid** 6:9
**uphold** 34:17 35:9
**use** 16:3 38:16
**used** 39:23
**useful** 9:14 12:3 24:19
**utility** 24:21

**v**

**veritext** 44:20
**victory** 37:16
**view** 38:19 39:12
**violated** 17:20
**voice** 42:9
**void** 26:7
**voluntary** 36:3

**w**

**wait** 31:24
**walk** 15:11
**walked** 15:9
**want** 13:10 15:6 16:3,9 17:6 31:17 34:8
**wanted** 41:15
**wants** 18:7 19:7 35:25
**washington** 1:7 2:4,5,12 4:7 32:21
**waste** 16:9
**way** 7:25 11:12 13:16 20:2 24:6 25:3,21 30:6 36:9 37:11 38:13,13 38:19 39:14,22 40:1
**we've** 29:23
**weeks** 24:22
**went** 35:11
**weprin** 3:3 4:16 17:6
**whoever's** 10:18
**wide** 37:20
**willingness** 24:19
**wind** 20:19
**wish** 36:9
**wishes** 36:6
**withdraw** 8:1
**word** 22:20
**wore** 17:14
**work** 39:11,22 42:14,16,18
**worked** 5:17 39:21
**worth** 25:23
**written** 15:17
**wrong** 8:24 9:21 22:23

**x**

**x** 1:4,10 43:1

**y**

**yeah** 27:12
**year** 12:18,22 13:20 22:13
**years** 23:7 37:22
**york** 1:2 3:6,13 18:1,2,4,18